JAMES BLACK, Respondent, *v.* THE BROOKLYN CITY RAILROAD COMPANY, Appellant.

(Argued January 25, 1888; decided February 7, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 13, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

The following is the opinion in this action in full:

" The defendant was incorporated for the business of owning and operating horse cars for the carriage of passengers for hire. The plaintiff alleges that while lawfully attempting as an intending passenger to get upon one of the defendant's ' down cars,' and actually being on one of the steps to its platform, he was thrown from it toward the street, and in that way and by collision with another or ' up car ' of the defendant, moving in the opposite direction, was severely injured. Concerning these alleged facts there is no doubt.

" The defendant by its answer and evidence, raises two questions:

" *First.* Whether the negligence of its servant caused the injury. *Second.* Whether the plaintiff contributed to it. It appears that the plaintiff in due season signalled the approaching or 'down car' and it stopped; that as he was getting on board, having one foot on the lower step, the car on signal of the conductor was suddenly started. His further ascent was thus interrupted, and by the rapid motion of the car he lost his foothold and was thrown off. He shows that the platform was crowded, and that by reason of the sudden shock, he was unable to reach it with either foot or get hold of the hand rail. Whether by either of those circumstances — the condition of the platform, his omission to take hold of the rail or enter upon the platform, he was in fault or acted negligently, was submitted to the jury and, as their verdict shows, was answered in his favor. The proposition depended upon conflicting evidence and was therefore a question of fact, as was also the

other, viz. : The negligence of the defendant's servant on that car, and by the opinion of the jury this court is bound. (*Clark* v. *Eighth Avenue R. R. Co.*, 36 N. Y. 135 ; *Hayes* v. *Forty-second St. R. R. Co.*, 97 id. 259.) It was undoubtedly the duty of the defendant in the exercise of its franchise to offer to intending passengers a reasonable opportunity safely to board their cars. The charge did not go further, and the evidence warranted a conclusion that such care was not exercised toward the plaintiff and that the plaintiff himself was not in fault. The trial judge, however, called the attention of the jury to the plaintiff's allegation in relation to the conduct of the servants in charge of the ' up car,' and refused to charge as requested by defendant's counsel ' that negligence could not be predicated on anything the driver of that car did or omitted ₀to do.' Upon this refusal the appellant alleges error.. The learned judge said : ' As to the up car, the only allegation of negligence concerning the management of that vehicle is that the driver did not perceive when he ought to have perceived the plaintiff falling from the car that was coming down,' and then said ; ' If the driver fulfilled the duty which was incumbent upon him to keep a vigilant watch on his team and of the road ahead so as to avoid injuring anyone, he performed his whole duty,' adding, ' The driver himself tells you that he was looking straight ahead at his team ; it is for you to say whether, under the circumstances, if the driver of the up car was doing that, that he did not do his whole duty.' We find no evidence as to the conduct of this driver which would permit any other conclusion so far as his duty to the plaintiff is concerned. There is indeed testimony that, his way being blocked by a coach intruding upon the track, the driver of the up car was speaking to or chaffing with its master at the very moment of, or just before, the accident; but we find no connection between that circumstance and the plaintiff's injuries. It does not appear to have affected his management of the car, nor that the management was in any respect other than the circumstances in which he was placed required. The complaint, however, alleged negligence in the conduct of the up car as

well as negligence in the management of the down car.    Both charges were submitted to the jury, the last, as we have said, properly; the other, in respect to the 'up car,' we think improperly, it having no fact for its support; and as we cannot tell on which alternative of the charge the jury founded their verdict, we are of opinion it cannot be supported.

"The judgment should therefore be reversed and a new trial granted, with costs to abide the event."

*Samuel D. Morris* for appellant.

*E. D. Convers* for respondent.

DANFORTH, J., reads for reversal and new trial.
All concur.
Judgment reversed.