LILLIAN B. BRAGG, as Administratrix of the Estate of GEORGE BRAGG, Deceased, Appellant, *v.* CENTRAL NEW ENGLAND RAILWAY COMPANY, Respondent.

**Railroads — negligence — contributory negligence — when negligence of section hand, struck and killed by locomotive while asleep on tracks, not proximate cause of his death — when question whether negligence of engineer was proximate cause of injury was for the jury.**

A sectionman on the defendant's railroad fell asleep while sitting on a tie close to the rails and was there struck and killed by the tender of a locomotive, which was backing down the track, drawing a work train. The trial judge charged without objection that the deceased was guilty of negligence and that there could be no recovery unless the jury was satisfied that, after the engineer on the train had actually discovered deceased in his position of peril, he should, in the exercise of ordinary care, have stopped the train. *Held,* upon examination of the evidence that the judgment for plaintiff, entered upon the verdict of the jury, is supported by the facts; that the negligence of the deceased was not the proximate cause of his injury; and that, considered with

other facts and circumstances to the contrary, the jury might have disbelieved the testimony of the engineer that he applied the brakes and attempted to stop the train as soon as he saw the deceased.

*Bragg* v. *Central New England Ry. Co.,* 160 App. Div. 603, reversed.

(Argued January 9, 1920; decided January 27, 1920.)

Appeal from a judgment entered December 23, 1914, upon an order of the Appellate Division of the Supreme Court in the second judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Abel Cary Thomas* for appellant. There was sufficient evidence for the jury to apply the doctrine of " subsequent negligence." (*Kenyon* v. *N. Y. C. & H. R. R. R. Co.,* 5 Hun, 479; 76 N. Y. 507; *Demand* v. *N. Y. C. & H. R. R. R. Co.,* 198 N. Y. 102; *Hallock* v. *N. Y., O. & W. R. R. Co.,* 197 N. Y. 450; *Costello* v. *Third Ave. R. R. Co.,* 161 N. Y. 317; *Barker* v. *Savage,* 45 N. Y. 191; *Mapes* v. *Union Ry. Co.,* 56 App. Div. 508; *Totarella* v. *New York, etc., R. R. Co.,* 53 App. Div. 413; *Weitzman* v. *Nassau Electric R. R. Co.,* 33 App. Div. 585; *McKeon* v. *Steinway Ry. Co.,* 20 App. Div. 601; *Davies* v. *Mann,* 10 M. & W. 546; *Gefner* v. *Lefkowitz & Sons, Inc.,* 159 N. Y. Supp. 896; *Spooner* v. *D., L. & W. R. Co.,* 115 N. Y. 22.)

*S. H. Brown, Earl Hawley* and *Charles M. Sheafe, Jr.,* for respondent. The engineer was not bound to stop the train until he saw that the plaintiff's intestate could not get off the track without being hit; he had a right to assume that the deceased would step aside upon the sounding of the warning whistle. (*Buckley* v. *N. Y. C. & H. R. R. R. Co.,* 142 App. Div. 8; *Chrystal* v. *Troy & Boston R. R. Co.,* 105 N. Y. 164; *Murch* v. *Western N. Y., etc., R. R. Co.,* 78 Hun, 601; *O'Brien* v. *Erie R. R. Co.,* 210 N. Y. 96; *Burgess* v. *L. I. R. R. Co.,* 153 App. Div. 379; *Dorr* v. *Lehigh Valley R. R. Co.,* 211 N. Y. 369.) The

letters of administration offered by plaintiff are absolutely void, and the plaintiff had no right to bring this action. (Code Civ. Pro. §§ 2685–2690; *Matter of Curtiss*, 9 App. Div. 285; *Dakin* v. *Hudson*, 6 Cow. 221; *Bloom* v. *Burdick*, 1 Hill, 130; *Corwin* v. *Merritt*, 3 Barb. 341; *Ackerly* v. *Dygert*, 33 Barb. 176; *Matter of Englebrecht*, 15 App. Div. 541; *Roderigas* v. *East R. Savings Inst.*, 76 N. Y. 316, *Grider* v. *Corbin*, 116 App. Div. 818; 194 N. Y. 517; *McCarthy* v. *Supreme Ct. of Foresters*, 107 App. Div. 185; *Hoes* v. *N. Y., N. H. & H. R. R. Co.*, 173 N. Y. 435; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Potter* v. *Ogden*, 136 N. Y. 384; *Hood* v. *Hood*, 85 N. Y. 561.)

ANDREWS, J. George Bragg was a sectionman on the defendant's railroad. At seven o'clock on the morning of October 1, 1909, he began his day's work. Late in the afternoon there was a wreck. In consequence, he was kept at work during the entire night and at seven on the morning of the 2d he was sent down the track with orders to flag approaching trains. Here he stayed until some time between eleven and twelve o'clock. A few minutes before this hour he was seen seated on a tie close to the rails with his head between his knees and apparently sleeping. After twenty-nine hours of continuous labor, if sleep did suddenly overcome him, while not engaged in hard physical exercise and alone, it would not be surprising. To the west of him the track was practically straight with a slight grade for nearly a mile. The day was bright and the rails were dry. One thousand, one hundred and seventy-three feet from the point where he was sitting was a whistling post.

Up this road from the west there came a work train at a speed of twelve miles an hour. At the head of this train was an engine backing with its tender. In front of the engine were three cars. This train ran over and killed him.

Without objection on the part of plaintiff the trial

court charged the jury that the deceased was guilty of negligence and that there could be no recovery unless the jury was satisfied that after the engineer on the train had actually discovered Bragg in his position of peril he should in the exercise of ordinary care have stopped his train and so prevented the accident.

Therefore, assuming as we must under this instruction, that Bragg was negligent, we think this one of the few cases where may be applied the rule laid down by the trial judge. Bragg's negligence was not the proximate cause of his injury.

If this be so, might the jury find on the testimony before it that the engineer failed to use proper care? He was not bound to see Bragg before he actually did see him. He was not bound to assume that Bragg would fail to heed a warning signal, or that he would fail to see what was plainly visible. Only, when he discovered that Bragg was inert or unconscious, or for some reason would not or could not safeguard himself had the engineer any reason to anticipate an accident. Only then should he have sought to avoid it.

The engineer says that as soon as he saw Bragg he whistled and applied the brakes. From this alone, the jury might well infer that the position of the latter was such as to be a warning that the train should be stopped at once. Further the engineer knew that a whistle had been blown at the whistling post and that the bell had since been rung continuously. He knew that for a long distance the train had been in sight. Yet there the figure still sat, in the position of sleep or illness. The engineer emphatically denies that he told any one that when the emergency whistle was blown he assumed the deceased would betake himself to a place of safety and that, therefore, he allowed his attention to be distracted. On the contrary, he at once applied the brakes.

If he did, he was not negligent. If he did not, understanding the danger of the situation, the jury might find

that he failed in his duty. The plaintiff's witnesses testify that when the warning whistle was blown, and consequently when the engineer, as the jury might say, first discovered Bragg and realized his peril, the train was over five hundred feet from him. It could have been stopped in one hundred and fifty to two hundred feet. But it was not slowed down until it struck the deceased, and thereafter it passed some distance beyond him. In view of this testimony, the jury may have disbelieved the statement of the engineer as to the brakes. They may have thought he contented himself with blowing the whistle and made no further observations as to its effect until the deceased was struck. If so, the action of the Appellate Division was erroneous.

The present administratrix is entitled to maintain this action.

The judgment of the Appellate Division should be reversed and that of the trial court affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, POUND and CRANE, JJ., concur.

Judgment reversed, etc.