Rose Dino, as Administratrix, etc., of Francis Dino, Deceased, Appellant, *v.* Eastern Glass Company, Inc., Respondent.

First Department, December 5, 1930.

*Edgar J. Treacy,* for the appellant.

*Paul F. Diggins* of counsel [*Nadal, Jones & Mowton,* attorneys], for the respondent.

Martin, J. The jury found a verdict for the defendant in an action to recover damages for the death of a boy sixteen years of age, whose death it is alleged occurred through the negligence of the chauffeur in charge of an automobile truck owned by the defendant. The appellant contends that the verdict for the defendant resulted from an erroneous charge made by the court.

The accident occurred on June 2, 1927, on Mangin street between Delancey and Broome streets, New York city. At the time the boy was struck and run over by the truck he was employed as a helper on a wagon delivering laundry work. Just prior to the accident the boy picked up, from the wagon, a bundle of clothes that had been laundered and stepped down onto the street where he was

struck by the truck of the defendant which was proceeding south on Mangin street.

The testimony established that the boy was knocked down by the truck and that the front part of the truck passed over his body. There appears to have been an issue of fact as to just what part of the body of the deceased was first pinned underneath the truck. The appellant contends that the evidence established that the arm only was caught under the wheel and that the further act of the defendant's chauffeur in knowingly driving his truck over the body of the boy while he was lying in the street with his arm caught underneath the wheel was the actual cause of the boy's death.

The chauffeur of the defendant's truck testified that immediately after the impact and while the deceased was pinned underneath some part of the defendant's truck a police officer came along and told him to back up the truck and he did so with the result that the deceased's body was released.

The plaintiff's witnesses say that the accident happened in an entirely different manner, and that serious injury to the boy might have been avoided by the chauffeur.

The appellant's attorney contends that in view of the testimony given by the plaintiff's witnesses he was entitled to the following charge which he requested: " Mr. Treacy: May I ask your Honor to say to the jury that after the boy's body lay in the street, in front of the truck, any act or omission on the part of the defendant's servant, amounting to a lack of the care demanded by the situation and resulting in the death of the plaintiff's intestate, is sufficient to charge the defendant with negligence."

The court not only refused this charge but added an admonition to the jury that they were not to guess one man's money into the pockets of another, and that in effect it would be a mere guess for the jury to give any consideration to that proposition.

The appellant contends that the death of the intestate was caused, not by the initial impact when the boy was struck by the truck, but by the negligent act of the chauffeur in later driving his truck over the body of the boy. The appellant says it was established by the evidence that the boy was alive with his arm only under the wheel and that the boy called out to the driver to back up the truck; that the driver cranked his truck and drove it over the body of the boy, which act resulted in the death of the boy.

It is well settled that if a person finds himself in a place of danger through his own negligence, nevertheless, if the party who injures him saw him in such a position of danger and could have avoided the injury, there may be liability providing it is shown that the

party who saw him in the place of danger could have avoided the injury. That being the law, the plaintiff was clearly entitled to the charge which the court refused. (*Weitzman* v. *Nassau Electric R. R. Co.*, 33 App. Div. 585; *Wright* v. *Union R. Co.*, 224 id. 55.)

The appellant says that after the charge by the court the jury could not have been expected to reach any different result, as the charge was practically a direction to find a verdict for the defendant. While it may be true that this boy jumped in front of the truck with a bundle on his shoulder, if it be also true that his arm only was caught and that the driver seeing him in that position, stepped down from the truck, cranked the motor and then went forward, causing the injuries from which the boy died, there was a question of fact for the jury.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.