MARY PANARESE et al., as Administrators of the Estate of JOHN PANARESE, Deceased, Respondents, *v.* THE UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

(Argued January 26, 1933; decided March 1, 1933.)

*Alfred T. Davison* and *Victor McQuiston* for appellant. Defendant cannot be held liable because its employee should have discovered the deceased in a position of peril in time to avoid the accident. (*Wright* v. *Union Ry. Co.*, 224 App. Div. 55; 250 N. Y. 526; *Bragg* v. *Central New England Ry. Co.*, 152 App. Div. 444; 228 N. Y. 54; *Woloszynowski* v. *N. Y. C. R. R. Co.*, 254 N. Y. 206.) There was no negligence on the part of the defendant's motorman and plaintiffs' deceased was guilty of contributory negligence. (*Kawacz* v. *D., L. & W. R. R. Co.*, 259 N. Y. 166.)

*James L. Lanzetta* for respondents. The jury was justified in finding that the motorman saw the perilous position of the deceased and that although he had ample time, failed to use reasonable care to avoid the accident. (*McDade* v. *International Ry. Co.*, 235 N. Y. 11; *Bragg* v. *Central New England R. R. Co.*, 228 N. Y. 54.)

CRANE, J. The doctrine of " the last clear chance," upon which the recovery against the defendant has been obtained, has no application to the facts in this case. The ordinary rules of negligence and contributory negligence alone control. John Panarese ran along the street into an approaching trolley car and was killed, because he did not see the car and because the motorman did not stop. Both were negligent, for which reason the plaintiff, administratrix, cannot recover. The facts, more in detail, are these:

The defendant, The Union Railway Company of New York city, operates a street surface railroad through Third avenue in that city. There are two railroad tracks, one going north, one south. It is the usual busy city street through which trolley cars run. John Panarese

was in the employ of John Hinch, a truckman, as a helper, and on July 16, 1928, was riding on the truck which another employee, named Buckles, was operating, going north through Third avenue, on the northerly-bound railroad track, between One Hundred and Fifty-sixth and One Hundred and Fifty-seventh streets. A car was approaching, going south, in the neighborhood of One Hundred and Fifty-seventh street and, of course, was on the southerly-bound track. A little past One Hundred and Fifty-sixth street, Panarese jumped off the truck, apparently to look at the wheels or the axles, or something, about the truck, on the left side. The truck did not stop, but kept on, going at a rate not less than ten miles an hour. At first he ran along a little behind the truck, but finally caught up with it and was looking at the wheels or the side of the truck, at all times running toward the approaching car and between the two tracks, the north and the south tracks. The evidence indicates that he may have run in this situation for one hundred feet or more. At no time was he more than a few feet in front of the end of the truck, running along with it on the left side. A mere glance and he would have seen the approaching car. At any instant he could have stepped out of danger by letting the end of the truck pass him and then stepping behind it. One step and he would have been out of danger the moment the truck passed; all the time the truck was going ten miles an hour and more, while he was only a few feet from its rear. The motorman must have seen him. The motorman, in the exercise of ordinary care and caution, should have stopped his car or slowed down. That John Panarese was guilty of negligence and carelessness is conceded. He ran into the car without paying any attention whatever to his own safety. The motorman ran into him when he might have stopped his car in the exercise of reasonable care. These facts, however, are not sufficient to justify a recovery against the defendant for the death of John Panarese.

The case was tried upon the theory of "the last clear chance." The judge charged the jury that notwithstanding the careless conduct of the decedent, the plaintiff could recover if she established: "First, that the motorman knew that the decedent had placed himself in a perilous position, in a position of danger — that the motorman knew that. It is not sufficient to show that in the exercise of reasonable care he should have known, but it must actually appear from the evidence in the case that the motorman knew of the perilous position in which the decedent had placed himself. * * * The plaintiffs, however, must go further. The plaintiffs must show that with knowledge of this perilous situation brought home to him, the motorman then failed to use reasonable care to avoid the accident. * * * The third proposition that the plaintiffs must establish is that, assuming that the motorman knew of this dangerous situation in which the decedent had placed himself, and that he failed thereafter to use reasonable care to avoid the danger created and to avoid an accident, you must further be satisfied that it was such failure on the part of the motorman to use reasonable care that was the proximate cause of the accident in this case."

This much correctly stated the law of "the last clear chance," but the facts and circumstances made it inapplicable to this case. It is impossible to tell where the ordinary rule of contributory negligence ended and that of "the last clear chance" began. The two rules were merged into one and the jury were left to decide the case either on surmise and speculation or else upon the ordinary negligence of the motorman. The doctrine of "the last clear chance" is predicated upon the knowledge of the *peril* being brought home as an actual fact to the person charged with the subsequent negligence. It is not sufficient to prove that the defendant ought to have discovered or should have discovered the deceased's perilous situation by the exercise of reasonable or ordinary care. It is what the defendant did or failed to do after acquiring

knowledge of the peril that constitutes the breach of duty. We do not say that such knowledge may not at times be inferred from the circumstances of the case. Not so here. (*Wright* v. *Union Railway Co.*, 224 App. Div. 55; affd., 250 N. Y. 526.) This court said in *Woloszynowski* v. *N. Y. Central R. R. Co.* (254 N. Y. 206, 208): " The doctrine of the last clear chance, however, is never awakened into action unless and until there is brought home to the defendant to be charged with liability a knowledge that another is in a state of present peril, in which event there must be reasonable effort to counteract the peril and avert its consequences."

So in *Kawacz* v. *Delaware, L. & W. R. R. Co.* (259 N. Y. 166), we held that the estate of a track walker could not recover for his death where he failed to see the approach of an oncoming train, and the engineer did not realize that he would not step off the track until it was too late to stop the train. (See on this subject also, *Bragg* v. *Central N. E. Ry. Co.*, 228 N. Y. 54.)

How could any jury tell from the evidence in this case when the motorman, or at what place the motorman, discovered the actual peril to Panarese? He was running towards the car between the up and down railroad tracks alongside of a truck and only a few feet from the rear of it. If he had stopped for an instant the truck would have passed him and he could have stepped behind it out of all danger. The motorman would naturally suppose that the man running in the street toward him would do this thing. He would have no reason to suppose that another would deliberately commit suicide and run into his car without avoiding it or getting out of the way when it was possible for him to do so. The motorman may have been guilty of negligence in not stopping his car or in not slowing down sufficiently to avoid the accident, but that is not this case. We and the jury must be able to say with some degree of certainty at what point the motorman realized, not, could have realized, but did realize, that Panarese would not step

out of danger, step away from the oncoming car, or go in back of his truck.

When we have a case like this, where two people, the motorman and the pedestrian, are both guilty of continuous acts of negligence, the doctrine of " the last clear chance " does not apply. Otherwise there would soon be nothing left of the law of contributory negligence. Not only must the motorman have had knowledge of the actual peril in which the deceased had placed himself, in other words, have had actual knowledge that the man would not, or could not get out of the way, but this knowledge must have come to him, this realization must have been his at such a time that he could have stopped his car in the exercise of reasonable care. This is the after negligence by reason of which the courts have called his acts " wilful, reckless, deliberate."

This has been the view taken by courts of other jurisdictions. In a case where a defendant's train, pushed by a motor car, collided with a horse and wagon, the Supreme Judicial Court of Maine had this to say, in *Butler* v. *Rockland, Thomaston & Camden St. Railway* (99 Me. 149): " But even if the brakeman, seeing the situation, failed seasonably to take the necessary steps to prevent a collision which was apparently not only likely to happen, but all the more likely to happen, and which probably would happen, because of the apparent negligence or ignorance of the plaintiff, was his failure the proximate cause of the plaintiff's injury? Was his negligence in that respect subsequent to and independent of the plaintiff's contributory negligence? We are constrained to say that it was not. It was contemporaneous, not subsequent. It operated to produce the result in connection with the plaintiff's negligence, and not independently of it. The plaintiff's negligence actively continued from the corner of the house to the point of collision. It was operative to the last moment and contributed to the injury as a proximate cause " (pp. 159, 160).

Again, we find the same principle enunciated in *Fonda*

v. *St. Paul City Railway Co.* (71 Minn. 438, 451): " It is sometimes said that the plaintiff may be entitled to recover if the defendant might, by the exercise of care, have avoided the consequences of the plaintiff's negligence. But this doctrine is only applicable to cases in which the plaintiff's negligence preceded that of the defendant. But when the negligence of the two persons is contemporaneous, and the fault of each operates directly to cause the injury, neither can recover from the other." (Citing Bigelow on Torts, 311.)

In *Dyerson* v. *Union Pacific R. R. Co.* (74 Kan. 528) it was said: " A plaintiff who has received an injury occasioned by the negligence of the defendant, but who could have avoided it by the exercise of ordinary care on his own part, cannot recover damages therefor, although the defendant ought to have discovered (but did not in fact discover) his peril in time to have prevented the accident, where the plaintiff's negligence continued up to the very moment he was hurt, and where the exercise of reasonable diligence before that time would have warned him of his danger and enabled him to escape by his own effort." (See, also, to the same point, *Drown* v. *Northern Ohio Traction Co.*, 76 Ohio St. 234.)

As the negligence of Panarese and the negligence of the motorman were contemporaneous and the fault of each operated directly to cause the injury, and were in operation up to the very moment of the collision, the plaintiff, the administratrix of the estate of Panarese, cannot recover. The case is one of negligence for failure of the motorman to exercise ordinary care, wherein the contributing negligence of the deceased (admitted in this case) bars recovery. The doctrine of " the last clear chance " finds no place here for application.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and the complaint dismissed, with costs in all courts.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.