ALBERT E. STORR, Respondent, *v.* THE NEW YORK
CENTRAL RAILROAD COMPANY, Appellant.

(Argued March 9, 1933; decided April 11, 1933.)

*Natalie F. Couch, Orville H. Mann* and *Mortimer B. Patterson* for appellant. In applying the doctrine of last clear chance the court in his charge to the jury assumed that the engineer was under an absolute duty to discover persons and objects upon the tracks and

that after such discovery he was under an absolute and unqualified duty to stop his train. (*Woloszynowski* v. *N. Y. C. R. R. Co.*, 254 N. Y. 206; *Fierro* v. *N. Y. C. R. R. Co.*, 256 N. Y. 446; *Wright* v. *Union Ry. Co.*, 224 App. Div. 55; 250 N. Y. 526; *Kretik* v. *N. Y. C. R. R. Co.*, 227 N. Y. 474; 228 N. Y. 611; *Bragg* v. *Central New England Ry. Co.*, 228 N. Y. 54; *O'Brien* v. *Erie R. R. Co.*, 210 N. Y. 96; *Chrystal* v. *Troy & Boston R. R. Co.*, 105 N. Y. 164; *Rider* v. *Syracuse Rapid Transit Ry. Co.*, 171 N. Y. 139.)

*Alton W. Teale* and *Morton Lexow* for respondent. Defendant indicates no error in the record relating to the last clear chance doctrine. (*Spooner* v. *D., L. & W. R. R. Co.*, 115 N. Y. 22; *Morris* v. *Lake Shore Ry. Co.*, 148 N. Y. 182; *Doyle* v. *Penn. & N. Y. R. R. Co.*, 139 N. Y. 637; *Harty* v. *Central R. R. of N. J.*, 42 N. Y. 468; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *McWilliams* v. *Mo. Pacific R. R. Co.*, 172 Mo. App. 318; *Chesapeake R. R. Co.* v. *Borden*, 202 Ky. 348; *Gundry* v. *Atchison R. R. Co.*, 286 Pac. Rep. 718; *Waldron* v. *Boston R. R. Co.*, 71 N. H. 362; *Director General of Railroads* v. *Blue*, 134 Va. 366; *N. Y., N. H. & H. R. R. Co.* v. *Kmetz*, 193 Fed. Rep. 603; *Spooner* v. *D., L. & W. R. R. Co.*, 1 N. Y. St. Repr. 558; 115 N. Y. 22.)

POUND, Ch. J. The action is brought to recover the value of an Omsteel platform trailer and Brockway truck which were struck by defendant's locomotive while they were stalled on a public highway grade crossing at Orangeburg, New York, about four o'clock in the morning.

The plaintiff relied on two claims of negligence on the part of the defendant:

*First*, negligence in the maintenance of the crossing which caused the truck to stall on the tracks; *secondly*, negligence of the engineer in the operation of the train in not seeing the stalled truck and the warning signals of danger given by the plaintiff. These two claims were

submitted to the jury together with the question of plaintiff's contributory negligence.

At the close of the charge the following occurred: " Mr. Patterson: I also ask your Honor to charge if the jury find that the plaintiff was negligent in driving upon the track as he did, knowing the length of his trailer and the drop in the road to the east, and knowing the weight of his trailer, he is charged with the results thereof and there can be no recovery.

" The Court: What do you say to that, Mr. Lexow? I think I will refuse to charge that because even if he was guilty of contributory negligence, yet if the engineer of the train in the exercise of reasonable care could have avoided hitting it, it was his duty to do so. The acts were not concurrent.

" Mr. Patterson: Exception."

This was error. The judge had charged that if the collision was due to lack of care on the part of the plaintiff or his employees, the verdict must be for the defendant. The request might have been refused because the general charge was sufficient. The judge undertook instead to clarify and restate the law. The refusal to charge that plaintiff could not recover if he was guilty of contributory negligence in driving on the track in itself was error. The reason given for so refusing, i. e., that the acts were not concurrent, was also erroneous.

The learned judge, in giving his final instructions, doubtless had in mind the doctrine of " last clear chance." If the recovery is to be sustained on the doctrine of " last clear chance," the jury should have been properly instructed in regard thereto. It should have been told that the doctrine is never wakened into action unless and until there is brought home to the defendant to be charged with liability knowledge that another or his property is in a state of present peril, in which event there must be reasonable effort to counteract the peril and avert its consequences. (*Woloszynowski* v. *N. Y. Central*

*R. R. Co.*, 254 N. Y. 206; *Panarese* v. *Union Ry. Co.*, 261 N. Y. 233; compare Am. L. Inst., Restatement of Torts, Tentative Draft No. 10, § 15.) If one by a negligent act places himself or his property in a position of danger his negligence does not contribute to defeat his recovery if the situation was known to the defendant in time to avert the consequence of plaintiff's own negligence. In such a case the defendant's negligence is the sole cause of the injury. It must not run on " inert and callous " and cause an accident which proper care might have avoided. On the charge as made plaintiff's contributory negligence did not defeat recovery, because " the acts were not concurrent." Defendant was charged by such instructions as matter of law with the duty of seeing the stalled truck and stopping the train, whether or not it was found as a fact that the engineer saw and understood the danger and ran recklessly on.

The jury might well have been misled into the belief that plaintiff's negligence did not defeat his recovery unless the negligent acts of defendant and plaintiff were concurrent. No such principle has ever been recognized in our law. A plaintiff who negligently subjects himself or his property to a risk of harm from a defendant's negligence may not recover for injury resulting therefrom, except as the doctrine of last clear chance is applicable.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; CROUCH, J., dissents; HUBBS, J., not sitting.

Judgments reversed, etc.