ELIZABETH GRIFFITHS, Respondent, *v.* THE DELAWARE AND HUDSON COMPANY, Appellant.

Third Department, May 12, 1933.

*Joseph Rosch* [*Harvey D. Hinman* and *J. L. Fitzgerald* of counsel], for the appellant.

*John H. Weidner* and *Bernard H. Chernin*, for the respondent.

RHODES, J. The defendant's attorney requested the court to charge " that no negligence can be predicated upon the failure of the train crew to see the automobile at any time before it came upon the track on which the train was running or in failing to stop the train before the auto collided with the train, no negligence on the part of the defendant can be predicated."

The learned trial court declined " to charge in that language."

No negligence could be predicated upon the failure of the train crew to see the automobile at any time before it came upon the track. (*Storr* v. *N. Y. C. R. R. Co.*, 261 N. Y. 348.) This part of the request was, therefore, proper. The latter portion of the request embraced the proposition that no negligence could be predicated upon the failure of the train crew to stop the train before it collided with the auto.

Unless the doctrine of last clear chance applied, this latter part of the request to charge was proper. If there were sufficient facts proven to make this rule applicable, then it was proper to refuse to charge as requested relative thereto, but in that case the jury should have been fully instructed upon the subject. There is nothing in the charge explaining the law in this respect. As the matter was left the jury were permitted to find negligence from the failure to stop the train, but were not told under what circumstances such failure would constitute negligence. It may be granted that the request was not in proper form but the ruling of the court left the law in a state of uncertainty so that the jury were not clearly advised as to the rules applicable.

Furthermore, the facts supporting the verdict are too slight to sustain it and the verdict is, therefore, against the weight of evidence.

For the reasons stated the interests of justice require a reversal and a new trial.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents and votes to affirm.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.