THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE GRAMATAN NATIONAL BANK, Respondent, v. EDWARD A. MATHEWS, as Assessor of the Town of Eastchester, and Constituting the Board of Assessors of the Town of Eastchester, Appellant.— Order denying motion to quash writ of certiorari affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

JOHN RIEGELMAN, Trustee for WILLIAM G. SCHUSTER and Others, and JULIUS RUFF and FREDERICK DOLL, as Trustees for DOROTHY S. CLARKE, under Instruments Recorded Respectively in Liber 2791 of Conveyances, Pages 364 and 369, in the Office of the Register of Westchester County, Respondents, v. ROSELA BUILDING CORPORATION and DOMENICO LASALA, Appellants, and Others, Defendants.— Order denying motion for change of place of trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

MANUEL C. SOUSA, Also Known as MANUEL COSTA, Respondent, v. M. A. GAMMINO CONSTRUCTION CO., INC., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ.

THOMAS STRATTON, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. We are of opinion that the court erred in refusing defendant's requests to charge as folios 300–301 of the record, " except as already charged." While the court in its main charge instructed the jury, as a matter of law, that the plaintiff could not recover unless he proved his freedom from contributory negligence, the court did not point out or explain to the jury the specific application of the rule of law to the facts in this case. The application of the rule to the facts was involved in the defendant's requests. The court failed to explain to the jury, as bearing on defendant's negligence, that the plaintiff was bound to establish that the violation of the statute was a proximate cause of the accident. While we recognize the rule that where the original charge is sufficient a further request to charge may be refused on that ground (Storr v. New York Central R. R. Co., 261 N. Y. 348), we are of opinion that in this case the general charge was not sufficient. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

WILLIAM TEICH, Respondent, v. NATHAN FELD, Appellant.— Judgment and order of the County Court of Suffolk county awarding interest on verdict unanimously affirmed, with costs. Appeal from denial of motion to set aside the verdict dismissed. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

PAUL WITKUS, Respondent, v. JOHN M. BERZETES and ANTHONY KOSMOWSKI, Appellants.— Order denying defendants' motion to vacate and set aside judgment and open default, unless within five days defendants file a bond to secure payment of the judgment, affirmed, with ten dollars costs and disbursements. No opinion. The time of defendants to comply with the order appealed from is extended for five days after the entry of the order of affirmance. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.