JUAN HERNANDEZ, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Action to recover damages for personal injuries. Judgment affirmed, with costs. The accident happened on the west crosswalk of an intersection. Defendant's trolley car which struck plaintiff approached from the east. The jury were warranted in finding that plaintiff was guilty of negligence, in that while rain was falling, accompanied by wind, he ran or walked rapidly from the curb on the south side of one of the intersecting streets, holding an umbrella down in front of his face and to the side from which the car was approaching, and was struck by or collided with the car on the northerly track. But the jury were warranted in finding also that plaintiff's negligence was not a proximate or contributing cause of his injury. The motorman whose car struck plaintiff testified that he saw plaintiff leave the curb when the car was forty-five feet away from him and was just starting from a standing position on the east side of the intersection; that he saw plaintiff, holding the umbrella in the position above mentioned, from the time he left the curb; that the witness knew that plaintiff intended to cross the street; and that the car was traveling about eight or nine miles an hour when plaintiff left the curb. The jury could find from this testimony that the motorman knew or was charged with knowing that plaintiff was in a position of peril from the time he started to cross the street. Another motorman, against whose car plaintiff was thrown, testified that the first car was about fifty feet east of plaintiff's path when the latter left the curb, and that the type of car involved in this accident can be stopped within five or six feet when traveling six to seven miles an hour and within ten feet at ten miles an hour. " If one by a negligent act places himself or his property in a position of danger his negligence does not contribute to defeat his recovery if the situation was known to the defendant in time to avert the consequence of plaintiff's own negligence. In such a case the defendant's negligence is the sole cause of the injury. It must not run on ' inert and callous ' and cause an accident which proper care might have avoided." (Storr v. New York Central R. R. Co., 261 N. Y. 348, 351.) The doctrine of " the last clear chance " is applicable to this case, and the court properly charged the jury on that subject. Lazansky, P. J., Hagarty and Taylor, JJ., concur; Adel and Close, JJ., dissent and vote for reversal and a new trial, with the following memorandum: The progress of the plaintiff across Sands street and that of the trolley across Pearl street were contemporaneous events. The doctrine of " the last clear chance " is not applicable. That doctrine " is never wakened into action unless and until there is brought home to the defendant to be charged with liability a knowledge that another is in a state of present peril, in which event there must be reasonable effort to counteract the peril and avert its consequences." (Woloszynowski v. N. Y. C. R. R. Co., 254 N. Y. 206, at p. 208.) There must have been some act of subsequent negligence on the part of the motorman after he actually saw the plaintiff in a place of peril. Here the plaintiff was not in a place of peril until he actually came in contact with the west-bound car.