(Republish.) In the Matter of LESTER MARTIN, Respondent, against COLUMBIA PICTURES CORPORATION, Appellant.— Order modified in accordance with the memorandum decision herein and, as so modified, affirmed. Present — Peck, P. J., Glennon, Cohn, Callahan and Breitel, JJ. Glennon and Cohn, JJ., dissent and vote to reverse. Settle order on notice. [See ante, p. 686.]

(Republish.) ANTHONY ALVES et al., Respondents, v. CITY OF NEW YORK, Appellant.— Judgment reversed, with costs to the appellant and judgment is directed to be entered in favor of the appellant dismissing the complaint herein, with costs. Present — Peck, P. J., Glennon, Dore, Cohn and Bergan, JJ.; Cohn, J., dissents and votes to affirm on the opinion of AURELIO, J., at Trial Term. [See ante, p. 232.]

MARGARET R. MCANDREW, Respondent, v. 5905 BROADWAY REALTY CORP., Appellant. 5905 BROADWAY REALTY CORP., Third-Party Plaintiff-Respondent, v. GRAPHIRE CORPORATION, Third-Party Defendant-Appellant.— Judgment reversed and the third-party complaint dismissed as to the third-party defendant Graphire Corporation. Judgment reversed and a new trial ordered as to defendant 5905 Broadway Realty Corporation. Since the record discloses that the Graphire Corporation as tenant was in possession of the entire premises owned by 5905 Broadway Realty Corp., the structure was not a " Tenant-factory building" as defined by subdivision 2 of section 315 of the Labor Law, for which the owner had a continuing statutory duty to provide proper hand rails and stairways (Labor Law, § 272, subd. 2, read in connection with § 316). Liability of the landlord to the tenant could therefore rest only upon proof of the creation of a dangerous condition in the stairway or railing before the tenant took possession. But the tenant would not share such a liability or be required to answer to the landlord for any such adjudication of damage. On the record before us we treat the verdict charging liability to the landlord as against the weight of the evidence, and we would in any event feel required to direct a new trial because of the statutory theory on which the case was submitted. Settle order on notice. Present — Dore, J. P., Callahan, Breitel and Bergan, JJ.