EVELYN KASKOFF, Respondent, v. WILLIAM G. ANDERSON et al., Appellants.

Third Department, March 13, 1963.

*Watts, Oakes & Vandervoort (Kenneth A. MacVean* of counsel), for appellants.

*Hyman C. Levine* for respondent.

BERGAN, P. J. Plaintiff's car was struck on the left side between the door and rear fender by a car operated by defendant Christine Anderson in the Village of Jeffersonville. A verdict for $10,000 was returned by a jury in favor of plaintiff for her personal injuries against both defendants Anderson and the main question on appeal is whether it was error for the court to charge, as one alternative open to the jury, the doctrine of last clear chance; and if it were error, whether such an error had any significant bearing on the result.

A sharp factual difference exists between the two versions of the accident given by the respective drivers. Both cars had been proceeding northerly in Main Street. It was after dark and raining. The street was wide enough for four lanes of traffic — two in each direction. Plaintiff intended to make a left turn into a private driveway on the westerly side of the street. She testified that she then observed a car coming south; that when she got " near my destination I turned my car to go to the driveway and stopped there because a car was coming in the opposite direction, and I stood and waited until that car went past. But then when I looked up in the mirror I saw headlights coming my way so I waited."

These headlights were " From the rear." She added: " I was petrified when I saw it ", but this was stricken; and the witness continued: " I just stayed there. I didn't move. I just stayed there and waited." She testified her directional signal was on.

The time plaintiff was standing is open to differing interpretations. At one point she said she saw defendants' car from the time it backed out of a driveway some distance to the south. At another point she said she saw it for 30 seconds. She also said that she had time to observe its approach from the rear both in the mirror and by turning around and looking back at it, and at another point she estimated two seconds as the time she saw it.

Defendant driver's version was that plaintiff's car was moving when she first saw it and that she did not see it until " a split second or two seconds " before and " it was coming from my right and going to my left ".

Plaintiff estimated that she stopped her car close to the right-hand curb — not parallel to it — the rear about a foot from the curb, the front about two feet from it. Another witness for plaintiff who observed the accident testified that the front of plaintiff's car, while standing and when struck by defendants' car, was " about half of the road " from the white line at the center of the street, which would place plaintiff partly in the left lane of the two northbound lanes. Plaintiff also testified as to

the place in the road from which defendants' car approached that the lights " were right behind me ".

If from this variegated proof as to how the accident occurred, we must draw the most favorable inference to the Judge's submission of the doctrine of last clear chance, as we must in order to rule on whether it was error, it would be possible to say that plaintiff's car was stopped at an angle partly away from the curb in the lane of traffic, waiting under conditions of location and traffic, which a jury might possibly say were negligent and perilous, i.e., " I just stayed there and waited."

This could satisfy the first condition of the doctrine of last clear chance if the jury found that the act of standing and waiting was so perilous as to have been negligent. The second condition would be the actual knowledge by defendant driver of plaintiff's peril. Defendant driver's testimony shows no knowledge of the presence of plaintiff's car at all until a split second or two before she ran into it; and then that it was moving.

But the Judge had to consider and cover conscientiously in framing his instructions other possibilities that the jury might find. The jury might well find that the plaintiff's car was stopped in a perilous place in plain sight long enough to be seen; and that it was in fact seen by defendant driver in time to avoid the collision. The denial of knowledge of danger by a defendant is not conclusive on a jury, as the cases hold.

And the jury might have accepted as true plaintiff's testimony that she sat still for 30 seconds and watched the lights approach; had time both to look in the mirror and turn around and see them; and that plaintiff's car was standing in the road from the time defendant driver pulled out of the driveway.

At the time of the charge, the Judge could not know which of these conflicting versions the jury would accept. If plaintiff's car was not moving but actually was standing still, either toward the middle of the lane or close to the curb, wherever it was, it was in the path of defendants' car as the collision itself demonstrates.

But if the charge was erroneous it did not play so significant a role in this case as to require reversal. Every error does not require a new trial, and there is nothing about this limited doctrine which is destructive of a reasonable verdict because it is mentioned in error. The Judge closely and carefully circumscribed the application of the doctrine to the case. It was merely described in general terms in the charge and was not specifically tied into the facts of the case. To see it in due perspective the paragraph in this respect should be read exactly as given. The court said: " There is another doctrine of law known as ' Last

Clear Chance '. If a person finds himself in a place of danger through his own negligence, nevertheless, if the party who injures him saw him in such a position of danger and could have avoided the injury, there may be liability, providing it is shown that the party who saw him in the place of danger could have avoided the injury.''

In immediate context the Judge added: '' This doctrine of last clear chance would not apply unless the person who injures had actual knowledge of the danger in time to avert the collision.'' The very next paragraph was this: '' Applying these rules to the facts in this case, you must first determine whether or not the plaintiff, at the time and place in question, was guilty of contributory negligence, that is, negligence contributing in the slightest degree to the injuries which she alleges she sustained, and if you find that she was guilty of such contributory negligence in this respect then your verdict must be one of no cause of action.''

Thus, immediately after discussing the general doctrine of last clear chance and its very limited general operation, the Judge in effect substantially swept it out of consideration by saying, as to this plaintiff and in this case, that if she was '' guilty of negligence '' which contributed '' in the slightest degree '', the verdict '' must be '' for defendants.

If there were error in respect of last clear chance, it is difficult to see how it could have had any possible adverse weight in the result. It could be applied only if the jury were to find that it was negligent for plaintiff to stop on the road. For if defendant driver's version were accepted by the jury—that plaintiff did not stop—the jury could not under the charge possibly apply it, since the Judge told the jury that the person who injures another must have '' actual knowledge of the danger in time to avert the collision ''. And if plaintiff did stop on the road in a position of peril, as we have seen, the doctrine would have been properly charged.

The doctrine of last clear chance developed mainly in railroad cases, but in appropriate circumstances it has readily been applied in motor vehicle accidents (*Chadwick* v. *City of New York*, 301 N. Y. 176; *Dino* v. *Eastern Glass Co.*, 231 App. Div. 75). It is perfectly well settled that the danger to the plaintiff caused by his own negligence must actually be brought home to the defendant in time to permit defendant to avoid the accident (*Woloszynowski* v. *New York Cent. R. R. Co.*, 254 N. Y. 206; *Panarese* v. *Union Ry. Co.*, 261 N. Y. 233).

But as Judge CRANE noted in the latter case: '' We do not say that such knowledge may not at times be inferred from the cir-

cumstances of the case '' (p. 237). As we have noted the jury was not required to accept the defendant driver's literal version of how long she had knowledge of plaintiff's position in the road. As to a somewhat similar contention that defendant's driver did not actually know the peril of decedent the court in *Chadwick* noted (p. 181): '' Professed ignorance of the danger is not alone *as a matter of law,* a defense if the circumstantial evidence might show that the defendant in fact had the requisite knowledge upon which a reasonably prudent man would act ''. (See, also, *Bragg* v. *Central New England Ry. Co.,* 228 N. Y. 54.)

Decisions in *Woloszynowski* v. *New York Cent. R. R. Co. (supra)* ; *Panarese* v. *Union Ry. Co. (supra)* and *Hernandez* v. *Brooklyn & Queens Tr. Corp.* (284 N. Y. 535) must be viewed carefully and analytically to see their true relation on this question. In *Panarese* it was held flatly as a matter of law that the defendant's motorman could not under the facts of that case have had any knowledge of decedent's peril in time to do anything about it; and in *Hernandez* the same finding was made.

In *Woloszynowski* Judge Cardozo concluded as a matter of law that the fireman and engineer acted with reasonable dispatch after the decedent's peril became known to them. The decision in *Stanitis* v. *Cecere* (10 A D 2d 727) and *Smith* v. *Moskowitz* (267 App. Div. 422) add nothing to the question in this case. Nor is there anything decided in any of the cases cited which holds that the charge, even when erroneous, is invariably to be treated as substantial error requiring reversal.

No exception was taken by defendants to the charge in relation to subdivision 1 of section 56 and section 58 of the Vehicle and Traffic Law and this purported error is not properly here for review.

The judgment should be affirmed, with costs.

Reynolds, J. (dissenting). We are unable to concur with the majority of the court, our opinion being that the doctrine of last clear chance does not apply and the charging of the doctrine on the facts in this case constituted reversible error.

It is said that the Judges in the celebrated English case of *Davies* v. *Mann* [1842] (10 Mees. & Wels. 546, 152 Eng. Reprint. 588, 19 Eng. Rul. Cas. 190) innocently enunciated the doctrine of '' last clear chance '' (though not by name) when they held that the negligence of the plaintiff in leaving his donkey on the highway so fettered as to prevent it from getting out of the way of carriages did not prevent recovery against defendant, who negligently drove his carriage against it. They were creating an obvious exception to the rule of contributory negligence pronounced in *Butterfield* v. *Forrester* [1809] (11 East 60, 19 Eng.

Rul. Cas. 189) (cf. Ann. 92 A. L. R. 49). In its pure state the doctrine of last clear chance was but a phase of the doctrine of proximate cause. Negligence to be contributory must be a proximate cause, not the sole proximate cause but one of the proximate causes of the accident or occurrence which led to the injury or damage. In effect they were saying that plaintiff's original negligence was not a proximate cause of the accident. Since then the doctrine has been the subject of growing pains with many conflicting interpretations in various jurisdictions. Some writers, noting the great disparity of precedents, contend that the astounding confusion that has arisen is due mainly to the lack of understanding of the doctrine on the part of Judges, and the applicability of any given set of facts to it.

The New York rule is based on the theory that at some point the defendant's negligence might become the sole proximate cause of the accident, and the plaintiff's negligence a remote cause only. It allows a recovery by a plaintiff who, by his own negligence, may be placed in a position of danger from which he was unable to extricate himself, if knowledge of plaintiff's peril is found to have been brought home as an *actual fact* to the defendant who thereafter fails to use reasonable means to counteract the peril and avert its consequences. It is not sufficient to prove that defendant *ought to have discovered* or *should have discovered* plaintiff's perilous situation by the exercise of reasonable care (see *Panarese* v. *Union Ry. Co.*, 261 N. Y. 233, 236; *Storr* v. *New York Cent. R. R. Co.*, 261 N. Y. 348; *Woloszynowski* v. *New York Cent. R. R. Co.*, 254 N. Y. 206, 208; *Srogi* v. *New York Cent. R. R. Co.*, 247 App. Div. 95).

In *Woloszynowski* (*supra*, pp. 208–209) CARDOZO, J., stated: "The doctrine of the last clear chance, however, is never wakened into action unless and until there is brought home to the defendant to be charged with liability a knowledge that another is in a state of present peril, in which event there must be a reasonable effort to counteract the peril and avert its consequences (*Wright* v. *Union Ry. Co.*, 224 App. Div. 55; 250 N. Y. 526). Knowledge may be established by circumstantial evidence, in the face even of professions of ignorance (cf. *Bragg* v. *Central New England Ry. Co.*, 228 N. Y. 54), but knowledge there must be, or negligence so reckless as to be token indifference to knowledge."

The decisional law in New York requires the following ingredients to call the doctrine into play:

(1) Plaintiff must be found contributorily negligent (*Lee* v. *Pennsylvania R. R. Co.*, 269 N. Y. 53, 55).

(2) A situation from which plaintiff cannot extricate himself (*Woloszynowski* v. *New York Cent. R. R. Co., supra*).

(3) Knowledge brought home to defendant that the plaintiff is in a state of present peril from which he cannot extricate himself or negligence so reckless as to betoken indifference to knowledge (*Woloszynowski, supra*).

(4) An interval in which plaintiff's act of negligence is complete and in which defendant by the use of reasonable care has an opportunity to avert disaster (*Panarese* v. *Union Ry. Co., supra*).

(5) Defendant's negligence must be subsequent not concurrent.

A careful study of the record reveals that the present facts cannot serve as a predicate for the charging of the doctrine.

1. There is not a scintilla of evidence in the case that plaintiff was parked in the center travelled lane in a position of peril. Her testimony solidly places her car at its greatest distance but two feet from the easterly curb, standing motionlessly in the right or parking lane of this four-lane highway in preparation to turn across traffic. Her witness, Horowitz, corroborates this completely when he places her distance from the *white center line* when stopped "oh plenty"—"a half of the road." Then the immediate question "How far from the opposite curb?" and he answered "The car was a little" (indicating with hands). The only other testimony is that of the defendant who testified that when first seen at a distance of 20 feet, plaintiff was moving from right to left, from east to west, entering the traveling lane, pulling out from the curb. The majority vacillates from one speculation to another attempting in vain to find something in the facts which might allow a jury to draw the inference that plaintiff's car was parked in the northbound traveling lane; such facts do not exist. And, of course, one cannot heap inference upon inference by inferring that plaintiff was stopped in the center of the road and then inferring that actual knowledge of plaintiff's peril was discovered by defendant in time to avert the disaster.

2. Even assuming facts definitely not proven, that plaintiff was partially parked in the northbound traveling lane, she could have extricated herself from this peril by merely backing up a few feet. The record shows there were no cars behind her.

3. Since the facts do not show plaintiff in a position of peril— actual knowledge of the same could not be imparted to defendant, and, of course, there is no evidence here of negligence so reckless as to betoken indifference to knowledge.

4. There is no testimony that plaintiff's negligence was complete so that the defendant by the use of reasonable care might have had an opportunity to avert the accident. The defendant's negligence, if any, on this record was not subsequent, but concurrent.

Can the charging of the last clear chance doctrine when unwarranted be considered harmless error? No, because it removes contributory negligence from the case. It removes plaintiff's negligence as one of the proximate causes of the accident (see *Panarese, supra*; *Woloszynowski, supra*; *Stanitis* v. *Cecere*, 10 A D 2d 727 [2d Dept.]; *Smith* v. *Moskowitz*, 267 App. Div. 422 [2d Dept.]; *Polk* v. *New York Cent. R. R. Co.*, 10 A D 2d 703 [1st Dept.]).

Additionally, the charge did not properly set forth the doctrine for the guidance of the jury. Three necessary components were omitted from the charge: First, that plaintiff must be in a position of peril from which he cannot extricate himself; second, that the defendant after knowledge of plaintiff's peril *in the exercise of reasonable care* could have avoided the accident; and third, that plaintiff's negligence must have stopped or subsided, defendant's negligence being subsequent thereto and not concurrent. These important ingredients were not mentioned. The majority contends that the fact that the doctrine was not completely covered but was only casually charged was a virtue which a later charge of contributory negligence could sweep away; but on the contrary this error of the trial court, clearly prejudicial in itself was compounded by an inadequate explanation of its essential components. The cases cited and relied upon in the majority opinion, *Chadwick* v. *City of New York* (301 N. Y. 176) and *Dino* v. *Eastern Glass Co.* (231 App. Div. 75), have no bearing on this case. Neither involved the collision of motor vehicles, but involved instead unusual facts. The cases factually close to the instant case are to the contrary (cf. *Smith* v. *Moskowitz, supra*; *Stanitis* v. *Cecere, supra*; *Hocheisen* v. *Smith*, 158 F. 2d 100).

To add to the confusion subdivision 1 of section 56 of the Vehicle and Traffic Law was charged. This section was declared unconstitutional prior to the occurrence of this accident (*People* v. *Firth*, 3 N Y 2d 472). It has been squarely held reversible error in the First, Second and Third Departments to charge the section and make it a predicate of a civil action for damages (*Thomas* v. *Central Greyhound Lines*, 6 A D 2d 649 [1st Dept.]; *Armondi* v. *Johnson*, 16 A D 2d 712 [3d Dept.]; *Sandola* v. *Pearlman*, 16 A D 2d 965 [2d Dept.]).

As we said in *Armondi* (*supra*, p. 713): " Subdivision 1 of section 56 provided as follows: ' No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property.' It is not necessary here to find the charge improper solely because the statute was declared unconstitutional. Prejudice exists because by charging the provisions involved the jury could have found appellant negligent on the mere fact that he was unable to prevent his car from colliding with respondent's car, no matter what the circumstances happened to be (see *Griffiths* v. *Delaware & Hudson Co.*, 238 App. Div. 246). As the Court of Appeals said in *Firth* (*supra*, p. 475): ' As to the second prohibition, the only possible meaning is that a speed is unlawful unless it permits the car to be stopped without injuring anyone or anything. That amounts to saying that if, under any circumstances, the driver is unable to bring his car to a stop without injuring someone or something, he has been driving too fast.' Thus we have interjected here a standard of care beyond reasonable care which, without benefit of the statute, was improper on the part of the trial court."

Then to make the confusion complete, the court added in the charge section 58 (now § 1190) of the Vehicle and Traffic Law, " Reckless driving ". This section defines reckless driving as driving any motor vehicle " in a manner which unreasonably interferes with the free and proper use of the highway, or unreasonably endangers users of the public highway." The Court of Appeals expressly said in *Smith* v. *Vaughan* (10 N Y 2d 864): " We do not approve the practice in negligence cases of charging section 1190 of the Vehicle and Traffic Law unless the proof fairly indicates that something more than ordinary negligence is involved."

In view of the above, even a person endowed with the wisdom of Solomon would hardly dare to hazard a guess as to the basis the jury employed to return the verdict in this case. It is untenable to say that because contributory negligence was finally charged in the ordinary manner we are able to sweep these errors under the rug.

Where two theories are charged upon which a verdict can be based one correct and the other incorrect, the verdict cannot stand (*Smulczeski* v. *City Center of Music & Drama*, 3 N Y 2d 498; *Schafer* v. *Norwood Equip. Corp.*, 277 App. Div. 933; *Thomas* v. *Central Greyhound Lines*, 6 A D 2d 649).

In *Smulczeski* (*supra*) the Court of Appeals said (p. 501): "Moreover, where a case is submitted to the jury upon two charges, one erroneous and one correct, and it is not possible to tell upon which alternative of the charge the jury founded its verdict, it must be set aside (*Stewart* v. *Newbury,* 220 N. Y. 379, 385; *Black* v. *Brooklyn City R. R. Co.,* 108 N. Y. 640, 642; *Schafer* v. *Norwood Equip. Corp.,* 277 App. Div. 933)."

In *Thomas* (*supra,* p. 653) the Appellate Division, First Department, said: "Where a general verdict is rendered in a liability case submitted to the jury on multiple theories of liability, *if one of them is legally untenable,* the verdict may not stand. (*Morgan* v. *Robinson,* 3 A D 2d 216, 218; *Sharick* v. *Marvin,* 1 A D 2d 284, 287; *McAndrew* v. *5905 Broadway Realty Corp.,* 282 App. Div. 757.)"

An analysis of the testimony shows that there is a very sharp question of fact here, and does not indicate that ordinarily the plaintiff should recover. The plaintiff, instead of pulling as close to the center line as possible for the left-hand turn and giving a timely left-turn signal as the Vehicle and Traffic Law requires (and as thousands of motorists do daily), according to her own testimony, pulled into the parking strip at the east. This unorthodox procedure compelled the plaintiff to make a dangerous, unusual maneuver, i.e., to come out across traffic in the northbound traveling strip. Realizing this glaring weakness, plaintiff's attorney attempts to excuse his client's pulling into the east curb preparatory to crossing the highway by the testimony that the driveway near the market that plaintiff was to enter was a narrow one. This contention is not sound because plaintiff, by commencing the turn from the center of the road at a distance a trifle south of the driveway, could have legally executed the left-turn maneuver with ease. The version of the defendant that plaintiff pulled out from the curb in front of her has a clear ring of truth. It is sustained by the physical facts, the manner in which the cars came together, the physical damage to the cars and their position after the accident. It dovetails exactly with plaintiff's testimony of her stopped position. Viewing and analyzing the evidence of the accident in its entirety, it could not have happened in any other manner.

In sum the appellate courts have consistently held that Judges should be wary of charging the doctrine of last clear chance unless the facts clearly warrant it. The doctrine rarely applies to automobile cases and then only in exceptional circumstances. Opening up the door to such a charge in the garden variety of negligence cases, such as this one, is fraught with much danger and confusion (and dismay to litigants and the Bar), since it removes contributory negligence from the case. We are being

faced with similar cases where the doctrine has been improperly charged (cf. *Smith* v. *St. Lawrence County Nat. Bank,* 18 A D 2d 1042). It is unfair to the litigants for us to guess whether prejudice resulted. It is our opinion that the judgment herein should be reversed and a new trial granted because of these errors in the charge. Giving the plaintiff every fair intendment, there is not a scintilla of evidence upon which the charge of the doctrine of last clear chance could have been based. There were two separate and distinct versions of the accident. If the evidence of plaintiff was given credence the accident was due to the negligence of the defendant alone. If the jury believed the defendants' testimony the collision was due to the acts of plaintiff. Neither the plaintiff's nor the defendants' testimony would support the application of the doctrine of last clear chance. Also the charge itself relating to last clear chance was incomplete and defective. Contributory negligence was erroneously removed from the case. Additionally it was error to charge subdivision 1 of section 56 of the Vehicle and Traffic Law and improper to charge section 58 (now § 1190) of the Vehicle and Traffic Law (reckless driving) particularly on the evidence in this record. There was interjected here a standard of care greater than reasonable care. In this ordinary negligence case the questions of negligence and contributory negligence should have been submitted to the jury in the usual manner.

HERLIHY, J. (concurring). The photographs received by the jury graphically pictured the position of the automobiles in the street at the time of the collision, as testified to by the plaintiff and defendant, and was sufficient justification for the charge by the court of the doctrine of last clear chance, together with common-law negligence. The latter doctrine was further emphasized as the case was ready to go to the jury when the attorney for the defendants requested the court to charge in the following language: '' I request Your Honor to charge the jury that if the jury find that Evelyn Kaskoff was negligent in any degree and that such negligence was the proximate cause of the accident the verdict shall be a verdict of no cause of action for the defendants.'' By the court: '' I have already so charged.''

In my opinion, the doctrine of last clear chance should seldom be charged in automobile negligence cases but a review of the present record does not necessitate the granting of a new trial.

GIBSON and HERLIHY, JJ., concur with BERGAN, P. J.; HERLIHY, J., concurs in a separate opinion in which BERGAN, P. J., and GIBSON, J., concur; REYNOLDS, J., dissents and votes to reverse and order a new trial, in an opinion, in which TAYLOR, J., concurs.

Judgment affirmed, with costs.