## (December 15, 1980)

■ ATLANTIC BANK OF NEW YORK, as Administrator of the Estate of ANTHONY FIORENZA, Deceased, Respondent, v DENNIS STRAMKA et al., Appellants. (Action No. 1.) BEATRICE ORTIZ, Respondent, v MILDRED STRAMKA et al., Appellants. (Action No. 2.)—In consolidated actions to recover damages for personal injuries and wrongful death, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered March 17, 1978, as, upon a jury verdict, determined the issue of liability against them. Judgment reversed insofar as appealed from, on the law, and new trial granted with respect to the issue of liability only, with costs to abide the event. The verdict as to damages shall be held in abeyance pending the new trial and in the event plaintiffs are again successful, judgment shall be entered in their favor in the amounts previously awarded. There was no evidence adduced at trial which would support the applicability of the doctrine of last clear chance to the facts of the instant case. Thus, under the plaintiffs' version of the accident, no finding of contributory negligence on their part would have been possible (see *Kaskoff v Anderson*, 18 AD2d 192, affd 13 NY2d 911), while under the defendants' version, the plaintiffs' negligence was in continuous operation up to the moment of the impact. The doctrine of last clear chance has no application in the absence of contributory negligence by the plaintiff (see *Kaskoff v Anderson, supra*). Further, as this court stated in *Poli v Castleberry* (44 AD2d 591), "The doctrine has no applicability where the negligence of the defendant and that of the [plaintiff] were contemporaneous and each operated directly to cause the injury [citation omitted]. There must be an interval or time sequence during which the [plaintiff's] act of negligence is complete and in which the defendant has an opportunity to avert the disaster *(Kumkumian v. City of New York*, 305 N. Y. 167, 173; *Carey v. Rodden*, 37 A D 2d 115, 116)" (see, also, *Wilson v Maiello*, 34 AD2d 221, 223, affd 28 NY2d 594). Accordingly, the charge on the doctrine of last clear chance was erroneous. Since it is impossible to determine whether the foregoing charge may have affected the jury's verdict, the matter must be remitted for a new trial. Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.