JUAN HERNANDEZ, Respondent, *v.* BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.

Argued November 14, 1940; decided December 31, 1940.

536

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*William C. Chanler,* Corporation Counsel *(Stanley Buchsbaum* and *Paxton Blair* of counsel), for appellant. ■■

*Ralph Stout* and *Louis Rothbard* for respondent. ■■

LEHMAN, Ch. J. The defendant has appealed from a judgment of the Appellate Division, affirming by a divided court a judgment, entered upon the verdict of a jury in favor of the plaintiff, for damages resulting from personal injuries caused by a collision with a trolley car, operated by the defendant. The accident occurred on a rainy afternoon in September, 1936, while the plaintiff was crossing Sands street at its intersection with Pearl street in the borough of Brooklyn, city of New York.

The testimony of the plaintiff and of the witnesses produced by him, which upon the appeal we must accept as

true, establishes that as the plaintiff, walking along Pearl street, came to the south curb of Sands street, he saw on his left, about a half block away, a trolley car coming east on Sands street. On his right a west-bound car was about the same distance away. Both cars stopped at the corner, and the door of the east-bound car on the tracks nearest the plaintiff was opened. The plaintiff, carrying an umbrella, crossed five or six feet in front of the standing car, which started as soon as he had passed. While in the space between the east-bound and west-bound tracks, the plaintiff noticed that the west-bound car was also slowly starting; and, as he came to the first rail of the track on which it was moving, it suddenly proceeded much more rapidly. Plaintiff tried to pass ahead of the moving car and was struck by it.

The defendant does not challenge the sufficiency of the evidence to sustain a finding that the defendant was negligent and, perhaps, to sustain a finding that the plaintiff was free from contributory negligence. The question presented upon this appeal is whether the trial judge properly charged that, *if the jury should find that both the plaintiff and the defendant were negligent,* it must then determine whether the plaintiff is entitled to recover under the doctrine of " last clear chance " as formulated in the charge. The claim of error is not so much that the doctrine was improperly formulated in the charge but that the court was bound, upon the evidence presented in this case, to grant the defendant's request to charge the jury that the doctrine " does not apply to this case and that if any negligence on the part of the plaintiff contributed to this accident he cannot recover."

If plaintiff's exposure to the danger of collision with the trolley car was not due to any negligence on his part, there is no room for the application of the doctrine of the last clear chance. That doctrine has been formulated as a qualification of the rule that no recovery may be had for injuries resulting from a peril to which the injured person was exposed through his own fault or negligence. (*Grand*

*Trunk Ry. Co.* v. *Ives,* 144 U. S. 408.) In this State it is well established that the doctrine "is never wakened into action unless and until there is brought home to the defendant to be charged with liability a knowledge that another is in a state of present peril, in which event there must be reasonable effort to counteract the peril and avert its consequences." (*Woloszynowski* v. *N. Y. C. R. R. Co.,* 254 N. Y. 206, 208.) We do not pause to consider whether in other jurisdictions the doctrine is "wakened into action" earlier. (Cf. American Law Institute, Restatement of the Law of Torts, §§ 479, 480.)

If the plaintiff had not chosen to pass in front of the car while it was standing on the east-bound tracks, and while another car was standing at the same corner on the west-bound tracks, the plaintiff would not have exposed himself to the peril of collision with either car. If after the plaintiff safely passed before the east-bound car he had stopped until the moving west-bound car had passed, he would not have come into collision with that car. By drawing back, he might have avoided that peril up to the very moment when he stepped in front of the advancing car. True, if he had drawn back abruptly without paying attention to the car passing behind him, he might have jumped into the path of the car behind him, but there is no evidence which would justify the conclusion that, if the plaintiff had realized the peril to which he would be exposed by continuing across the track on which a car was advancing, he could not, by exercising care, have stood safely between the two sets of rails. Nor is there any evidence from which the jury could infer that the motorman on the advancing trolley car actually knew that a trolley car proceeding in the opposite direction was passing behind the plaintiff. The motorman was under a duty of vigilance to avoid danger to pedestrians crossing the tracks on which his car was running. We may not assume that he was vigilant also to see what was happening on the other tracks.

So long as the plaintiff could have drawn back from the risk of collision with the trolley car, he was not in helpless

danger, and the evidence will not sustain a finding that the motorman in this case knew that the defendant could not extricate himself from any danger to be anticipated from the trolley car until it was too late for the motorman in the exercise of due care to avoid collision. The plaintiff may not by proceeding heedlessly, place upon the defendant the sole responsibility for accident occurring through the continuing negligence of both. " When the negligence of the two persons is contemporaneous, and the fault of each operates directly to cause the injury, neither can recover from the other." (*Panarese* v. *Union Ry. Co.*, 261 N. Y. 233, 239.) The defendant is not liable for the plaintiff's injury unless the motorman failed to exercise care to avert an accident after he *knew* that the plaintiff was in a position of peril from which there would be no escape by the plaintiff's own vigilance. Even if it were true that the space between the two sets of rails was too narrow to permit the plaintiff to stand safely while cars were passing on both tracks, the plaintiff could still not escape the consequences of his antecedent negligence without proof, here wanting, that the motorman saw his peril.

If the plaintiff was not negligent in proceeding into the zone of danger he might hold the defendant for its own negligence, but in such case recovery would be based upon a finding of absence of contributory negligence. If in exposing himself to the danger the plaintiff was negligent, then recovery cannot be had under the doctrine of last clear chance, for the evidence is insufficient to permit a finding that the defendant knew of plaintiff's helpless position. It was, therefore, error for the court to refuse the defendant's request to charge.

The judgments should be reversed and a new trial granted, with costs to appellant to abide the event.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.