In the Matter of the Accounting of ANNA B. CHACE, as Executrix of STANLEY T. CHACE, Deceased. DORA T. CHACE, Appellant; ANNA B. CHACE, Individually and as Executrix of STANLEY T. CHACE, Deceased, Respondent.— Appeal by objectant from a decree of the Surrogate's Court of Nassau County settling the accounts of decedent's executrix. Decree, insofar as appealed from, unanimously affirmed, with costs to the respondent, payable out of the estate. No opinion. Appeals from order dated June 16, 1942, granting a motion for reargument and on reargument adhering to the original decision, and from an order dated March 15, 1943, denying a motion for reargument in respect of the construction of the will, dismissed, without costs. Present — Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.

MORRIS KRAMER, Respondent, v. OLD COLONY MOTOR LINES, INC., Appellant.— In an action to recover damages for personal injuries and property damage, following a collision at an intersection between plaintiff's automobile and defendant's truck, the jury rendered a verdict for plaintiff. Judgment reversed on the facts and a new trial granted, with costs to appellant to abide the event. The verdict is against the weight of the credible evidence. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.

HARRY R. KRAUSE, Respondent, v. 1314 AVENUE K REALTY CO., INC., Appellant, et al., Defendants.— In an action to recover damages for personal injuries sustained by plaintiff as a result of defendants' negligence, order denying appellant's motion for a new trial on the ground of newly discovered evidence, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ. [See post, p. 907.].

ERMA MINARD, as Administratrix of the Estate of WILLIAM MINARD, Deceased, Appellant, v. BROOKLYN & QUEENS TRANSIT CORPORATION, Respondent.— Appeal by plaintiff from a judgment dismissing the complaint at the close of plaintiff's case in an action to recover damages for the alleged negligence of the defendant, which resulted in the death of the plaintiff's intestate. Judgment unanimously affirmed, with costs. The doctrine of last clear chance is not applicable to the facts in this case. (Hernandez v. Brooklyn & Queens Transit Corp., 284 N. Y. 535.) Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.

ANNIE NORRIS, Appellant, v. EMIGRANT INDUSTRIAL SAVINGS BANK, Respondent.— In an action to recover damages for personal injuries sustained when plaintiff, after traversing a narrow dirt path on adjacent property, stepped into a hole in the brick coping of a retaining wall approximately at the boundary line of defendant's property and fell therefrom, judgment for defendant unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Lewis and Aldrich, JJ.