Per Curiam.

Upon plaintiff’s request the court charged the jury that if they find that plaintiff “ was in a place of danger through her own negligence, nevertheless, if the defendant Freilino saw her in such position of danger and could have avoided the injury, there may be liability providing it is shown that the party who saw her in that place of danger could have avoided the injury.” An exception was duly taken to this portion of the charge.
Plaintiff’s counsel was attempting to have the court apply the doctrine of “last clear chance.” In the circumstances disclosed by the evidence, however, the principle was not applicable. Plaintiff’s claim was to the effect that the operator of the approaching vehicle was negligent in failing to observe her crossing the road. The defense of appellants, on the other hand, was that plaintiff heedlessly ran into the path of its bus. As the acts of plaintiff and appellants were concurrent, the doctrine of “last clear chance” could not be applied. (Panarese v. Union Ry. Co., 261 N. Y. 233; Hernandez v. Brooklyn & Queens Tr. Corp., 284 N. Y. 535; Snyder v. Union Ry. Co., 234 App. Div. 320.)
The error here was plainly prejudicial. The judgment against appellants Gabriel Freilino and Little Ferry Wash. Park Trans. Co., Inc., should be reversed and a new trial ordered, with costs to appellants to abide the event. As to defendants-respondents Hudson Transit Corporation, Hudson Transit Lines Inc. and Edward Hunt, we think that the dismissal of the complaint by the trial court at the end of the entire case was proper and as to those defendants the judgment should be affirmed, with costs to said defendants-respondents.
Dore, J. P., Cohn, Callahan, Yan Yoorhis and Shientag, JJ., concur. Judgment against the appellants Gabriel Freilino and Little Ferry Wash. Park Trans. Co., Inc., unanimously reversed and a new trial ordered, with costs to the appellants to abide the event. As to the defendants-respondents Hudson Transit Corporation, Hudson Transit Lines, Inc., and Edward Hunt the judgment is unanimously affirmed, with costs to the said defendants-respondents. Settle order on notice.