STEPHANIA A. JENDRASIK, as Administratrix of the Estate of HARRY S. JENDRASIK, Deceased, Respondent, v. SOUTH BUFFALO RAILWAY COMPANY, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. Appeal from the order dismissed as academic. We have examined the facts and find no error therein. Memorandum: Although we feel the evidence is sufficient to support a finding of negligence upon the part of the defendant railway, the record does not similarly support a finding of freedom from contributory negligence upon the part of plaintiff's intestate. From the time the decedent was first seen, twenty-five or more feet from the point of the accident, at the southerly end of the then guardrail paralleling the railroad tracks, he did not look to the north or toward the oncoming engine. There being no evidence to the contrary, we have no choice but to find that the decedent did not look toward the north, where he had an unobstructed, clear view for considerably more than 300 feet, from the time he left the protection of the guardrail until he was struck by defendant's locomotive. It is undisputed

that the decedent might have looked in the direction of the danger before the moment when his movements were first witnessed. However, the suppositions and inferences most favorable to the plaintiff, together with the most favorable interpretation of the undisputed evidence, leave us with no possible hypothesis which would exclude contributory negligence. The decedent either looked or failed to look for the railroad cars. If he failed to look and proceeded as described by the witnesses into that area known by him to be dangerous, his utter disregard for his own safety cannot be denied. Assuming plaintiff's intestate did look to the north before he was observed by any of the witnesses, he either looked and failed to see what was obviously there to be seen, or looked and saw the danger but turned his back thereon and proceeded, according to plaintiff's version, to walk southerly between the rails, directly in the path of the engine, for a distance of twenty feet before he was struck. Under any interpretation, his actions were not those of a prudent man. (*Schrader* v. *New York, C. & St. L. R. R. Co.,* 254 N. Y. 148; *Castle* v. *Director-General of Railroads,* 232 N. Y. 430.) No other hypothesis presents itself from the facts before us, and we feel the plaintiff's intestate should have been found contributorily negligent as a matter of law. (*Wadsworth* v. *Delaware, L. & W. R. R. Co.,* 296 N. Y. 206; *Crough* v. *New York Central R. R. Co.,* 260 N. Y. 227.) All concur, except Piper, J., who dissents and votes for affirmance. (Appeal from a judgment for plaintiff in a railroad negligence action. The order denied a motion for a new trial.) Present — Vaughan, Kimball, Piper and Wheeler, JJ.