■ Dorothy Carlson, as Administratrix of the Estate of August W. Carlson, Deceased, Respondent, v. Long Island Rail Road, Appellant.— In an action to recover damages for the wrongful death of plaintiff's decedent, the defendant appeals from a judgment of the Supreme Court, Nassau County, entered December 8, 1961, after trial, upon the jury's verdict of $87,000 in favor of plaintiff. Judgment reversed on the law, without costs, and complaint dismissed. Findings of fact implicit in the jury's verdict are affirmed. Decedent walked from a point about 15 feet outside the eastbound track of defendant railroad across the said track in the direction of the westbound track. Decedent was in the middle of the eastbound track when defendant's westbound train was 400 feet away, at which time defendant's engineer saw him. Decedent proceeded heedlessly to the westbound track, and when he reached that track, walked either diagonally away from the train with his back toward the oncoming train or in the same direction that the westbound train was moving with his back toward the train. Decedent was stepping over the last rail of the westbound track when he was struck and killed. Had he proceeded four or five inches more he would have cleared the track. On this evidence, the trial court held that decedent was guilty of contributory negligence as a matter of law, but it submitted the case to the jury on the theory of last clear chance. In our opinion, even though the jury may have properly found that defendant's engineer gave no signal of the approach of the train, the evidence was insufficient as matter of law to make out a case of liability on the theory of last clear chance (*Kawacz* v. *Delaware, L. & W. R. R. Co.*, 259 N. Y. 166; cf. *Polk* v. *New York Cent. R. R. Co.*, 10 A D 2d 703, affd. 8 N Y 2d 1106). In any event, the negligence of decedent in proceeding heedlessly into danger and then turning his back to the oncoming train made his negligence contemporaneous with that of defendant's engineer, in

which event the doctrine of last clear chance is inapplicable (*Panarese* v. *Union Ry. Co.*, 261 N. Y. 233; *Hernandez* v. *Brooklyn & Queens Tr. Corp.*, 284 N. Y. 535). Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.