■ Rose Feldman, as Administratrix of the Estate of Harry Feldman, Deceased, Respondent, v. New York City Transit Authority, Appellant.— Judgment entered in plaintiff's favor unanimously reversed on the law and the complaint dismissed, with $50 costs to appellant. Decedent, an employee at a subway news stand, was killed when struck by a train while he was leaning over the edge of the platform to observe a fire on the tracks. The court charged the jury on the elements of common-law negligence and last clear chance and instructed that liability could be imposed on either ground if the facts so warranted. The jury rendered a general verdict in plaintiff's favor. We hold that the verdict may not be sustained on either ground. We conclude that decedent's behavior rendered him guilty of contributory negligence as a matter of law. "He voluntarily placed his head in a position of danger and kept it there, without paying attention to the * * * [the direction] from which he knew a train would come towards his head. * * * Every second he remained, the likelihood of a train arriving increased. * * * He was heedless of ordinary precautions in a place of known danger." (Zobel v. City of New York, 275 App. Div. 782, affd. 300 N. Y. 490.) Nor may the defendant be cast in liability by reason of the application of the doctrine of last clear chance. To do so would require, inter alia, findings that the decedent was in a position of "helpless danger" and that the defendant's motorman knew of decedent's helplessness. On this record neither of such findings may be made. "So long as the * * * [the decedent] could have drawn back from the risk of collision * * * he was not in helpless danger" (Hernandez v. Brooklyn & Queens Tr. Corp., 284 N. Y. 535, 538–539). Neither is there any basis for a finding that the motorman

was aware of decedent or his state of peril. Nor was there any proof sufficient to permit an imputation of knowledge to the motorman by reason of conduct so reckless as to show an indifference to knowledge. (See *Frey* v. *Long Is. R. R. Co.*, 272 App. Div. 938.) In any event, even had the motorman observed the decedent leaning over the platform, in the circumstances he should not be charged with knowledge that decedent would not remove his head from the place of danger before it was too late (*Hernandez* v. *Brooklyn & Queens Tr. Corp., supra,* p. 539); (*Panarese* v. *Union Ry. Co.*, 261 N. Y. 233, 237–238). Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.