■ GEORGE RUDMAN, Appellant-Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellant.— Order, entered April 9, 1965, setting aside a jury verdict in the sum of $200,000, directing a new trial, and denying defendant's motion for dismissal of the complaint or for a direction of a verdict, unanimously modified, on the law, to the extent of dismissing the complaint, and the complaint is dismissed, with $50 costs and disbursements to the defendant-respondent-appellant. The evidence is insufficient to support a verdict for the plaintiff on the doctrine of last clear chance. Proof was lacking that the defendant had actual knowledge of plaintiff's peril in time to avoid striking him. If we did not dismiss the complaint, we would affirm the order granting a new trial on the ground that the verdict was against the

weight of the evidence, grossly excessive, and on the further ground that the charge of the trial court on the doctrine of last clear chance was erroneous and prejudicial in that it enabled the jury to find liability in the absence of actual knowledge of plaintiff's plight on the part of the motorman. (*Hernandez* v. *Brooklyn & Queens Tr. Corp.*, 284 N. Y. 535; *Woloszynowski* v. *New York Cent. R. R. Co.*, 254 N. Y. 206, 208; *Panarese* v. *Union Ry. Co.*, 261 N. Y. 233.) Concur — Stevens, J. P., Eager, Tilzer, McNally and Witmer, JJ.