## (April 22, 1980)

■ ANGELINA J. CARPINO, as Administratrix of the Estate of THOMAS J. BALDWIN, Deceased, Appellant, v GEORGE P. BAKER et al., Respondents.—Judgment, Supreme Court, Bronx County, entered April 13, 1979, dismissing the complaint on a jury verdict for the defendants, reversed, on the law, and the matter remanded for a new trial, with costs to abide the event. In this wrongful death action, plaintiff appeals from a judgment dismissing the complaint entered on a jury verdict in favor of the defendants. Deceased died as a result of injuries sustained when he was struck by a train owned and operated by the defendants. On a previous appeal this court reversed a judgment entered for the defendants after the trial court had dismissed the complaint without submitting the case to the jury for consideration. (See *Carpino v Baker,* 66 AD2d 201.) In substance, this court then held that

factual issues were presented appropriate for consideration by the jury. On this trial, the court clearly erred when it charged the jury that if it found that the deceased violated section 83 of the Railroad Law and section 140.05 of the Penal Law, and was accordingly a trespasser, "plaintiff may recover only if you find that the defendants wantonly, willfully or intentionally harmed him." In *Basso v Miller* (40 NY2d 233), the Court of Appeals swept aside the traditional distinctions among licensees, trespassers and invitees and established a single standard of reasonable care under the circumstances. (See, also, *Scurti v City of New York,* 40 NY2d 433.) Accordingly, the judgment for the defendants must be reversed and the case remanded for a new trial. We have considered the other issues raised by the plaintiff on this appeal and find them to be without merit. Concur—Kupferman, Sandler and Carro, JJ.; Birns, J., concurs and Murphy, P. J., dissents in separate memoranda, as follows:

Birns, J. (concurring). I agree with the majority that the matter should be remanded for a new trial. I do not agree with the dissent that a finding of contributory negligence as a matter of law is justified. The issue of contributory negligence is a jury question in all but the clearest cases *(MacDowall v Koehring Basic Constr. Equip.,* 49 NY2d 824). This is not one of the clearest cases (cf., *Giambrone v Pan Amer. Airways,* 74 AD2d 789). On the appeal from the judgment of the first trial (66 AD2d 201) we concluded that there were factual questions warranting submission to the jury of the issues of negligence and contributory negligence. As acknowledged by the dissent, the evidence at the second trial was substantially the same as presented at the first. Accordingly, our conclusion on this appeal should be the same as on the first. A finding of contributory negligence as a matter of law might be justified (1) if decedent were crossing the tracks unlawfully, that is, in violation of and not within any of the exceptions to the prohibition under section 83 of the Railroad Law (see *Carlson v Long Is. R.R.,* 16 AD2d 937, affd 12 NY2d 984; see, also, *Basso v Miller,* 40 NY2d 233, 242; cf., *Scurti v City of New York,* 40 NY2d 433, 442), or (2) if "decedent 'made a dash', 'ran' toward the track when the train was about 35 feet away" (66 AD2d 201, 203), or (3) if he were "about at 'the edge of the track', 'on the ties' " (66 AD2d 201, 203), intending to cross, but obviously did not have sufficient time to get across, or (4) if he were just standing on the tracks. The facts before us do not clearly fall into any of these categories. On this appeal we again find there were contradictions in the engineer's recollection of the accident, bringing into question his version of the occurrence. In addition, there was testimony by plaintiff's expert that the train was traveling at a greater speed than testified by the engineer and that the engineer did not apply his brakes prior to contact with decedent. Viewing the evidence most favorably to plaintiff *(Wartels v County Asphalt,* 29 NY2d 372, 380), one might conclude that decedent was crossing the tracks lawfully, and reasonably thought he had enough time to cross safely. In the circumstances, it is conceivable that but for the engineer's negligence decedent would have succeeded in crossing the tracks. Thus a conclusion of contributory negligence as a matter of law is not warranted. Finally, in passing, I do agree with the dissent that *Noseworthy v City of New York* (298 NY 76) does not hold that where there is only one eyewitness to an accident involving a train and a decedent, the issue of decedent's contributory negligence is always for the jury.

Murphy, P. J. (dissenting). The evidence presented at this second trial was substantially the same as that presented at the first trial (66 AD2d 201).

Upon the prior appeal, I voted with the majority in finding that the Trial Justice should not have dismissed this case as a matter of law. Upon further reflection on this second appeal, I am now of the opinion that this action, based upon a 1972 occurrence (CPLR 1413), must be dismissed because the decedent was contributorily negligent as a matter of law. For purposes of discussion, the evidence will be viewed most favorably to the plaintiff. It will be assumed that the decedent had a "license" to cross the tracks at the subject point. (*Barry v New York Cent. & Hudson Riv. R.R. Co.,* 92 NY 289; Railroad Law, § 83.) It will also be assumed that the decedent was attempting to "cross" rather than to "walk along" the tracks when he was struck by the train. Thus, his conduct at the time was within the "crossing" exception to section 83 of the Railroad Law (*Zambardi v South Brooklyn Ry. Co.,* 281 NY 516, 522, 523). Furthermore, it will be assumed that, at the time of the occurrence, the train engineer (i) exceeded the speed limit, (ii) failed to maintain a proper "watch", and (iii) failed to sound his whistle. On the basis of these concessions, the jury could have found that the defendants did not use reasonable care and were thus negligent. (*Basso v Miller,* 40 NY2d 233.) Nonetheless, the evidence shows that the decedent was contributorily negligent as a matter of law. While it was dark at the time of the occurrence, there is no dispute that the train had a headlight beam that projected approximately 500 feet. Moreover, there is no dispute that the decedent had an obstructed view of the approaching train. Cognizance must also be taken of the fact that the approaching train necessarily produced a certain level of noise. Under these circumstances, the decedent (i) either looked and failed to see the train or (ii) failed to look at all. Under either eventuality, he was contributorily negligent as a matter of law. (*Jendrasik v South Buffalo Ry. Co.,* 283 App Div 849, 850, affd 307 NY 888.) While the defendants owed the decedent the duty of exercising reasonable care, the decedent was required to exercise the diligence and care which the known danger of the situation presented. If he failed to exercise the ordinary precaution of looking before moving to a place which he knew to be dangerous, no question remained for the jury to pass upon. (*Felts v Albany Port Dist.,* 272 App Div 621, 624, affd 297 NY 899.) Thus, a decedent has been held contributorily negligent where he crossed a track in a vehicle without making proper use of his senses to see an approaching train (*Wadsworth v Delaware, Lackawanna & Western R.R. Co.,* 296 NY 206). Of course, if the decedent was walking along the tracks (*Butler v New York Cent. & H. R. R. Co.,* 152 F 976) or standing too close to them (*Delaware & H. R. Co. v Wilkins,* 153 F 845), this action would be similarly barred because of his own negligence. The facts in the present case are very analogous to those in *Carlson v Long Is. R. R.* (16 AD2d 937, affd 12 NY2d 984). In *Carlson,* the decedent was also struck as he was crossing a set of tracks. The trial court found the decedent contributorily negligent as a matter of law but submitted the case to the jury on the theory of "last clear chance". In reversing a jury verdict in plaintiff's favor, the Second Department found that the decedent's contributory negligence was contemporaneous with that of the engineer. Therefore, the doctrine of "last clear chance" was found not applicable. Likewise, the decedent's negligence in this proceeding was contemporaneous with any negligence of the train engineer. But for the fact that the decedent negligently positioned himself in a situs within the sweep of the train, he would not have been struck by the train. The case of *Noseworthy v City of New York* (272 App Div 1001, revd 298 NY 76) is distinguishable upon its facts and the parties' approach to the trial of the issues presented. In analyzing *Noseworthy,* I have taken it upon

myself to scrutinize the record and briefs filed with this court in October of 1947 (Vol 16, App Div Cases, Oct., 1947, Nos. 111-112). Ernest Noseworthy was killed when a subway train passed over his body. Before he died, Noseworthy had told a detective that he did not know how he had become present on the tracks in the subway station. There was some evidence that Noseworthy had a few beers before the occurrence. The motorman was the only eyewitness to the accident. He testified that he did not see Noseworthy sprawled upon the tracks until the train was 10 feet from his body. The motorman further testified that it was difficult to see Noseworthy because he was dressed in black and he was lying in a shadow. Nonetheless, the evidence showed that the train had to travel more than 400 feet through an illuminated subway station before it struck Noseworthy. This last fact left open the possibility that the motorman was negligent in failing to see Noseworthy. Upon this proof, plaintiff did not request a charge on the doctrine of "last clear chance" nor was that doctrine charged by the court. Thus, that doctrine was never considered upon the subsequent appeals taken by the plaintiff. At page 79 of the record, the city's attorney moved to dismiss the complaint on the ground, *inter alia,* that Noseworthy was contributorily negligent. The trial court reserved decision. At page 97 of the record, the city's attorney again moved for a directed verdict. The trial court again reserved decision. At page 95 of the record, the trial court had stated that there was insufficient evidence in the record to conclude that Noseworthy was under the influence of alcohol at the time of the occurrence. For this apparent reason, the city's motions for dismissal were never granted and the case was permitted to go to the jury. The trial court gave the following charge on Noseworthy's contributory negligence and the motorman's negligence (record, pp 134-135): "There are some other rules of a more or less supporting nature, but that is the rule of law that is applicable to this case. It has been said that this man was sober when he was on the track, that he was not in any way affected by alcohol. Well, if he was conscious and knew he was lying on the track and continued to lie on the track and did not get up and get off the track, then he was guilty of negligence and if that continued until he was struck by the train, then that negligence contributed to his death. You have heard the argument here that he was conscious on the track, that he was not in any way intoxicated and I say to you that if he was conscious on the track and consciously lay there and did not get up and get out of the way, why that is negligence on his part and if it continued down to the time that he was run over then that contributed to his accident. That is the only way in which I see that contributory negligence figures in this case. I think I have given you all the rules of law that apply to the case and if you will confine yourself to the application of this rule that I am going to set down to you when you retire and if you apply that rule together with this other suggestion that I have made to you, I think you will cover all the law and all the facts in this case. If you find therefore that this man's death was due solely and only to the negligence of this motorman after he knew or should have known in the exercise of ordinary care that the man was on the track, then you can proceed to the question of damages". Later, the trial court denied the city's request to charge "that if the plaintiff fell to the track from the platform through his own negligence and was unconscious until the time of the happening of the accident, the jury must consider that fact in arriving at a finding of contributory negligence" (record, p 139). The jury returned a verdict in the city's favor; the court denied plaintiff's posttrial motion that the verdict be set aside and that a new trial be ordered. Upon plaintiff's

appeal to this court, it was argued, *inter alia,* that the charge on contributory negligence was *too* narrow (plaintiff's brief, p 32). It was plaintiff's contention that Noseworthy had not been contributorily negligent if he had slipped on the platform, struck his head and fell to the tracks in an unconscious or dazed condition. The plaintiff maintained that the trial court had erred in not charging that possibility. On the other hand, the city maintained in its brief that the charge on contributory negligence was favorable to the decedent since he could have only been found contributorily negligent if he had been lying "conscious" on the tracks before the train struck him. (city's brief, p 17.) It should be stressed that the city did not contend on that appeal that the decedent was contributorily negligent as a matter of law because Noseworthy's consumption of alcohol had caused him to fall on the tracks and to remain there in a dazed condition. It was the city's posture on that appeal, as was mentioned above, that the portion of the charge on contributory negligence was too favorable to the decedent. Hence, in affirming the judgment dismissing the complaint *(Noseworthy v City of New York,* 272 App Div 1001, *supra),* this court did not consider whether Noseworthy was contributorily negligent as a matter of law. On plaintiff's appeal to the Court of Appeals, the city again maintained that the portion of the charge on contributory negligence was favorable to the decedent *(Noseworthy v City of New York,* 298 NY 76, 78, *supra;* city's brief, point II). Consequently, the Court of Appeals never reached the issue of whether Noseworthy was contributorily negligent as a matter of law. Therefore, the Court of Appeals opinion in *Noseworthy* should not be misread as holding that, where there is only one eyewitness to an accident involving a train and a decedent, the issue of the decedent's contributory negligence must be submitted to a jury. On the markedly different facts in this proceeding, the defendants chose, at the trial level, to assert the decedent's contributory negligence as a bar to the action; they have also pursued this defense on this appeal. While the defendants have the burden of demonstrating that decedent Baldwin was contributorily negligent as a matter of law *(Noseworthy v City of New York,* 298 NY 76, 80, *supra),* the train engineer's testimony establishes such negligence since it attests to the fact that Baldwin walked into the oncoming train. An argument may be raised that the jury had the right to reject the engineer's testimony in that regard. However, if the jury did reject the portion of the engineer's testimony that the decedent walked into the train, an evidentiary vacuum is created as to the circumstances surrounding the occurrence. In effect, the jury would then be asked to speculate that the defendants were negligent without any proof in the record as to the cause for Baldwin's death. (Cf., *Haynes v Long Is. R. R. Co.,* 52 AD2d 589.) Although the plaintiff has a reduced burden of proof in this case *(Noseworthy v City of New York, supra,* p 80), it is still incumbent upon her to show that the engineer was negligent. In the final analysis, a rejection of the engineer's explanation of the occurrence by the jury would leave a void in the proof that would not support any judgment in plaintiff's favor. A third trial will not cure the basic defect in plaintiff's case. Accordingly, the judgment of the Supreme Court, Bronx County, entered April 13, 1979, dismissing the complaint on a verdict for the defendants, should be affirmed, without costs.