■ MARION FORDE, Individually and as Administratrix of the Estate of CLARENCE FORDE, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. — In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered February 26, 1980, which is in favor of defendant upon the trial court's dismissal of the complaint at the close of the evidence, at a jury trial. Judgment affirmed, with costs. Plaintiff does not dispute the fact that the decedent was contributorily negligent. "Since the instant cause of action accrued prior to September 1, 1975, it is subject to the contributory negligence bar, and may not be maintained absent application of the ameliorative doctrine of last clear chance" (see *Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 46 NY2d 528, 533; cf. CPLR art 14-A). Plaintiff had the burden to prove that the quantity of alcohol found in the decedent rendered him helplessly intoxicated and incapable of extricating himself in time to avoid the injury. Absent proof that the decedent was in fact helpless, this case is controlled by this court's holding in *Carlson v Long Is. R.R.* (16 AD2d 937, affd 12 NY2d 984). The decedent's act of proceeding to cross the track in front of defendant's approaching subway train, instead of retreating to safety behind the column from which he emerged, made his negligence contemporaneous with that of defendant's motorman (assuming, without finding, that the motorman was negligent), in which event the doctrine of last clear chance is inapplicable. Furthermore, there was no circumstantial evidence in the record to infer that defendant had actual knowledge that the decedent was in a position of danger from which he could not or would not extricate himself through the exercise of reasonable care (see *Panarese v Union Ry. Co.,* 261 NY 233). The trial court clearly erred when it stated as a separate and distinct ground for dismissal that "the defendant under no circumstances could be held responsible or accountable, except if the action of the defendant's representative was intentional, wanton or a malicious act." "In *Basso v Miller* (40 NY2d 233), the Court of Appeals swept aside the traditional distinctions among licensees, trespassers and invitees and established a single standard of reasonable care under the circumstances" (see *Carpino v Baker,* 75 AD2d 540, 541). Notwithstanding this error, the dismissal can be upheld on the separate ground that the last clear chance doctrine did not apply to save this action from the contributory negligence bar. Damiani, J.P., Lazer, Cohalan and Thompson, JJ., concur.