JOSEPH F. CAREY, as Administrator of the Estate of MARTIN F. CAREY, Deceased, Appellant, *v.* MARSHALL J. RODDEN et al., Respondents.

Third Department, June 30, 1971.

*Gerard M. Carey* (*St. John, Ronder & Bell,* by *Howard C. St. John,* of counsel), for appellant.

*McCann, Ahern & Sommers* (*Donald H. McCann* of counsel), for respondents.

SIMONS, J.   This is an appeal from a judgment of the Supreme Court entered in Ulster County upon a verdict in favor of respondents after trial.

The only error assigned is the failure of the trial court to charge the doctrine of last clear chance as requested by appellant.

The accident happened on Route 9-W in the Village of Port Ewen at about 2:30 P.M. when appellant's intestate, an 11-year-old boy, was riding a bicycle south on the shoulder of the road with two friends.   At the same time an automobile owned by respondent Marshall J. Rodden and operated by respondent Cleo Rodden was traveling south in a line of traffic at a speed of about 35 miles per hour. The boy turned his bicycle into the automobile's path when it was about 50 feet behind him.   The car was turned to the left but collided with the boy and his death resulted.

The doctrine of last clear chance applies "where a plaintiff has become, through his own prior negligence, so hopelessly implicated in a dangerous situation that he has lost all ability to extricate himself ".   Under those circumstances, responsibility may be shifted to the one who has a recognizable opportunity to save him.   (*Chadwick* v. *City of New York,* 301 N. Y. 176, 181.)   The doctrine does not come into play unless there is contributory negligence.   But if the negligence and the contributory negligence are contemporaneous and the fault of each actor operated directly to cause the injury, the doctrine of last clear chance is inapplicable.   There must be an interval or time sequence in which the decedent's act of negligence was complete and when the defendant had an opportunity to save him.   (*Kumkumian* v. *City of New York,* 305 N. Y. 167, 173.)

That was not the case here. The decedent's negligence in operating his bicycle continued up to the time of the accident as he continued to drive into the path of the oncoming car while it traversed the 50 feet between them. (*Panarese* v. *Union Ry. Co.*, 261 N. Y. 233.)

The judgment should be affirmed.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and SWEENEY, JJ., concur.

Judgment affirmed, without costs.