■ JULIA D. POLI, Individually and as Administratrix of the Estate of FRANK J. POLI, Deceased, Respondent, v. RICHARD CASTLEBERRY, Appellant. — In a negligence action to recover damages for wrongful death, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered January 3, 1973, in favor of plaintiff upon a jury verdict. Judgment reversed, on the law, and new trial granted in the interests of justice, with costs to abide the event. The deceased was struck and killed by defendant's automobile while he was walking across a four-lane roadway. Over exception by counsel for defendant the doctrine of last clear chance was submitted to the jury. The verdict in plaintiff's favor was rendered upon that theory, the jury specifically finding that the deceased was contributorily negligent. The doctrine of last clear chance is inapplicable to the facts of this case. The doctrine has no applicability where the negligence of the defendant and that of the deceased were contemporaneous and each operated directly to cause the injury (*Panarese* v. *Union Ry. Co. of New York City*, 261 N. Y. 233). There must be an interval or time sequence during which the deceased's act of negligence is complete and in which the defendant has an opportunity to avert the disaster (*Kumkumian* v. *City of New York*, 305 N. Y. 167, 173; *Carey* v. *Rodden*, 37 A D 2d 115, 116). Here, the deceased's negligence was in operation up to the moment of the accident (*Carey* v. *Rodden, supra*). The deceased's "position of peril on the highway and his negligence with relation thereto are so closely related to the events which followed that his negligence is not reasonably separable from the alleged acts or omissions of the defendant contributing to the accident" (*Wilson* v. *Maiello*, 34 A D 2d 221, 223, affd. 28 N Y 2d 594). In view of the fact that the submission of the last clear chance doctrine may have confused the jury, a new trial is warranted in the interests of justice. Hopkins, Acting P. J., Martuscello, Latham and Munder, JJ., concur.

■ DEMETRA B. ROBERTSON, Respondent, v. EMMETT ROBERTSON, Appellant.— In an action for partition, defendant appeals from an order of the Supreme Court, Nassau County, dated February 14, 1973, which granted plaintiff's motion for appointment of a Referee to take proof and report. The appeal brings up for review a later order of the same court, dated March 20, 1973, which modified the first order by substituting another person as Referee in place of the one appointed in the first order. Appeal dismissed, without costs. An order referring a matter to a Referee for hearing and report is not appealable (*Heldman* v. *Douglas*, 39 A D 2d 769). Gulotta, P. J., Hopkins, Martuscello, Shapiro and Munder, JJ., concur.