■ WILLIAM H. SCHLIMMEYER, as Father and Natural Guardian of JOHN H. SCHLIMMEYER, an Infant, et al., Respondents, v MARK YURKIW et al., Appellants. (Action No. 1.) MARK YURKIW, Appellant, v KEITH MACKECHNIE et al., Respondents, (Action No. 2.)—Appeals from (1) a judgment of the Supreme Court, entered September 24, 1974 in Sullivan County, upon verdicts rendered at a Trial Term, in favor of plaintiffs in Action No. 1, and in favor of defendants in Action No. 2; (2) an order of said court, entered September 9, 1974, denying motions to set aside the verdicts; and (3) an order, entered January 10, 1975, denying a motion by defendants in Action No. 2 to change and limit their apportionate liability. The infant plaintiff, John H. Schlimmeyer, was injured while riding as a passenger in a vehicle owned and operated by Mark Yurkiw when it collided with a vehicle owned by one James Murtha and operated by Keith MacKechnie on County Road 47 in Sullivan County. The accident occurred on June 10, 1972 about 3:00 o'clock in the afternoon. The road was clear and dry, albeit winding and bumpy, and the vehicles were traveling in opposite directions. Each driver contends he was on his own righthand side of the road, but that the other vehicle was on the wrong side of the road. The jury has returned a verdict in favor of the passenger against both drivers, and a verdict of no cause for action in the action of Yurkiw against the other driver and owner. On this appeal defendant Yurkiw raises four issues. First, he maintains that the doctrine of last clear chance should apply. Use of this doctrine would be inappropriate in this case for it is applicable to plaintiffs, and here it is urged by Yurkiw in his role as a defendant. Moreover, contemporaneous negligence by both parties cannot be converted into a supervening cause by one party so as to free another from fault (Carey v Rodden, 37 AD2d 115). Secondly, he argues that the court did not properly charge the jury on the

issues of contributory negligence and assumption of risk contending that a joint enterprise existed between himself and the infant plaintiff. This claim is wholly without merit *(Ottman v Village of Rockville Centre,* 275 NY 270), and we find no error in the charge by the court to the jury. Third, he attacks the verdict as being excessive. The infant plaintiff suffered several internal injuries including a bruise to the left lung, a fractured rib, and hemorrhaging requiring a splenectomy and gastrotomy. His stay in the intensive care unit of the hospital was prolonged, and his pain was severe. There are permanent injuries, and while the verdict of $45,410 for personal injuries may appear to be somewhat high, we do not find it excessive upon this record. Finally, the fact that the jurors were returned to the jury room to reconsider their verdict in order to report in accordance with the instructions of the court was not improper, and any contention that they were confused is ill-founded *(Bischert v Limousine Rental Serv.,* 33 AD2d 355). MacKechnie and Murtha also raise four issues as appellants. They contend that, as to them, the verdict is against the weight of the evidence. A verdict is against the weight of the evidence if reasonable men could not have reached the jury's conclusion *(Buemi v Mariani,* 41 AD2d 1002). There was considerable conflict in the testimony by the witnesses on each side, even among one another, as to the physical facts as well as the happening of the accident. Questions of credibility were presented and resolved by the jury, and will not be disturbed on appeal *(Benjamin v Rose,* 20 AD2d 838). Their remaining arguments that the verdict was excessive, that the allocation of peremptory challenges was in error, and that their maximum liability as apportioned by the jury should be limited to 40% of the judgment, are equally without merit. The propriety of the amount of the verdict has already been discussed and there is no showing that all peremptory challenges allowed were in fact exercised. In a *Dole* apportionment a plaintiff's rights against a joint tort-feasor remain unaffected. CPLR 1402 applies to contribution among tort-feasors, a right which arises only after one held liable has actually *paid* more than his equitable share, while CPLR 1404 (subd [a]) permits a plaintiff to recover the total judgment from any one of the defendants found liable *(Kelly v Long Is. Light. Co.,* 31 NY2d 25). There is no conflict between these two provisions. Finally, we find no merit in any of the issues raised by Yurkiw as a plaintiff for the reasons previously stated, and, accordingly, we affirm. Judgments and orders affirmed, with one bill of costs to plaintiffs in Action No. 1 against defendants. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur. [80 Misc 2d 226.]