■ DEIDRE LLOYD-TAYLOR, an Infant, by Her Parent and Natural Guardian, PETER LLOYD-TAYLOR, et al., Appellants, v NORTHERN WESTCHESTER BUILDERS, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered February 21, 1978, which is in favor of defendants, upon a jury verdict. Judgment affirmed, with costs. The infant plaintiff, Deidre Lloyd-Taylor, was struck and injured by a vehicle driven by defendant Robert Bossi while she was attempting to cross the Central Westchester Parkway, a four-lane, limited access highway. The evidence established that the infant plaintiff, before crossing the road from west to east (and not within a crosswalk), saw the Bossi vehicle some distance to the south and headed northbound. Bossi, upon seeing the infant plaintiff on the highway, slowed his vehicle as he approached her. The infant then hesitated for a "split second" in the center of the road and dashed across the highway. Bossi, apparently believing that the infant was going to wait in the center of the roadway, proceeded northbound and the accident ensued. The Trial Judge declined plaintiffs' request to charge the jury on the doctrine of last clear chance. The jury returned a verdict in defendants' favor and plaintiffs have appealed. In our opinion, the trial court correctly determined that the doctrine of last clear chance was inapplicable to the facts of the instant case. The infant's position of peril on the highway and her negligence with relation thereto were so closely

related to the events which followed, that her negligence was not reasonably separated from the alleged acts or omissions of the defendant Bossi contributing to the accident (see *Wilson v Maiello,* 34 AD2d 221, 223, affd 28 NY2d 594). The doctrine of last clear chance has no applicability where, as here, the negligence of the defendant and that of the plaintiff were contemporaneous and each operated directly to cause the injury (see *Poli v Castleberry,* 44 AD2d 591; *Carey v Rodden,* 37 AD2d 115). We have considered plaintiffs' remaining contentions and find them to be without merit. Suozzi, J. P., O'Connor, Gulotta and Cohalan, JJ., concur.