■ ROBERT O. MCDANIEL, Respondent, v CLARKSTOWN CENTRAL SCHOOL DISTRICT No. 1 et al., Appellants, et al., Defendant, and WORLD WIDE VOLKSWAGEN, Respondent. — In an action to recover damages for personal injuries, etc., and wrongful death, defendants Volkswagen of America, Inc., Volkswagenwerk, A.G., and Clarkstown Central School District No. 1 appeal from an order of the Supreme Court, Rockland County (Nastasi, J.), dated March 20, 1984, which denied their motions for summary judgment dismissing the second amended complaint and any cross claims as against them.

Order modified, on the law, by granting appellants' motions to the extent that the first three causes of action of plaintiff's second amended complaint are dismissed as against them, and those causes of action are dismissed against all defendants. As so modified, order affirmed, without costs or disbursements.

Plaintiff's decedent allegedly died on April 10, 1979 as the result of injuries she sustained in an automobile accident which occurred on June 13, 1972. Plaintiff asserts four causes of action.

The first and second causes of action sound in negligence and strict products liability, respectively. The third cause of action is to recover damages for loss of consortium and the fourth is to recover damages for wrongful death. Defendants Volkswagen of America, Inc., and Volkswagenwerk, A. G., moved and defendant Clarkstown School District No. 1 cross-moved for summary judgment dismissing the second amended complaint and any cross claims as against them. Special Term denied those motions in their entirety. We now modify the order of Special Term, so as to grant these motions as to the first three causes of action and, pursuant to CPLR 3212 (b), we grant summary judgment on those causes of action in favor of the nonappealing defendants as well (*see, Maddox v City of New York,* 108 AD2d 42).

New York's system of comparative negligence became effective on September 1, 1975 (L 1975, ch 69 § 4) and was given prospective effect only (CPLR 1413; *Flynn v City of New York,* 103 AD2d 98). The claims upon which plaintiff bases his first three causes of action accrued prior to that date and are, accordingly, governed by the doctrine of contributory negligence (*Flynn v City of New York, supra*). The record reveals that plaintiff's decedent was contributorily negligent as a matter of law, and we therefore find that defendants are entitled to summary judgment as to those causes of action.

The evidence adduced consists primarily of the testimony of Richard W. Barrett, the driver of the school bus with which plaintiff's decedent's vehicle came in contact. Mr. Barrett's uncontradicted testimony reveals that he was proceeding to turn his bus from Laurel Road onto the southbound lane of Brewery Road when he observed the decedent's vehicle, which was proceeding northbound on Brewery Road, cross over into the southbound lane of traffic. At that point, he stopped his bus and the decedent's vehicle returned to the northbound lane. However, the decedent's vehicle then reentered the southbound lane and collided with the bus head-on. Barrett's assertion that, at the time of impact, the decedent's vehicle was on the wrong side of the road is corroborated by the testimony of a police officer who observed the position of the vehicle after the accident and who noted that the decedent's vehicle, although facing north, was in the southbound lane.

This testimony establishes that plaintiff's decedent was in violation of certain provisions of the Vehicle and Traffic Law which forbid a motorist from crossing the center of a road into a lane used by oncoming traffic (*see,* Vehicle and Traffic Law § 1120). Such a violation, if unexcused (and here there is no excuse suggested), constituted negligence (*Pfaffenbach v White*

*Plains Express Corp.,* 17 NY2d 132). This negligence clearly contributed to the accident and, thus, the conclusion that the plaintiff's decedent was contributorily negligent is inescapable.

Plaintiff argues that, regardless of his decedent's contributory negligence, recovery is possible under the doctrine of last clear chance. We disagree.

The last clear chance doctrine does not apply to the facts as they are revealed by the uncontradicted testimony of Mr. Barrett. In order for the last clear chance doctrine to apply, there must be an interval or time sequence during which the deceased's act of negligence is complete, and in which the defendant has an opportunity to avert the disaster (*Kumkumian v City of New York,* 305 NY 167, 173; *Poli v Castleberry,* 44 AD2d 591; *Carey v Rodden,* 37 AD2d 115). Here, the deceased's negligence was contemporaneous with that of the defendant Clarkstown Central School District No. 1 (*Panarese v Union Ry. Co.,* 261 NY 233) and remained operative up to the moment of the accident (*Poli v Castleberry, supra; Carey v Rodden, supra*). Thus, the last clear chance doctrine does not apply.

Plaintiff also argues that his claim as to the Volkswagen defendants is not that a defect in decedent's vehicle contributed to the occurrence of the accident but, rather, that the defect (in the seat mechanism) merely aggravated the injuries suffered.

The Court of Appeals recognizes that recovery may be had on such a theory (*Bolm v Triumph Corp.,* 33 NY2d 151). However, the Court of Appeals has also held that for causes of action accruing prior to September 1, 1975, contributory negligence serves as a complete bar to recovery under this theory as well (*see, Cousins v Instrument Flyers,* 44 NY2d 698; *affg* 58 AD2d 336). The rule of contributory negligence thus is a complete bar to recovery under plaintiff's first three causes of action.

However, plaintiff's cause of action for wrongful death remains viable. The cause of action for wrongful death accrued at the time of plaintiff's appointment as the administrator of the decedent's estate (*Crapo v City of Syracuse,* 183 NY 395; *McDonough v Cestare,* 3 AD2d 201, 205; *D'Andrea v Long Is. R. R. Co.,* 122 Misc 2d 760, 762). The record does not reveal the date of plaintiff's appointment but it was obviously no earlier than the date of the decedent's death on April 10, 1979. The cause of action for wrongful death, therefore, accrued some time after September 1, 1975, the effective date of New York's comparative negligence statutes, and the principles of comparative negligence apply.

With regard to this claim, we find that the affidavit of an expert engineer, which states that Mr. Barrett was negligent in

failing to move his bus from the path of the decedent's vehicle so as to avert the collision, raises a triable issue of fact as to Barrett's negligence. In his affidavit, plaintiff's engineer also particularizes the claim that plaintiff's decedent's injuries were aggravated by a defective seat mechanism in her vehicle. Thus, a triable issue of fact also exists as to plaintiff's claim against the Volkswagen defendants based on a crashworthiness theory.

Accordingly, as to the wrongful death cause of action, the motion for summary judgment was properly denied. Titone, J. P., Mangano, Weinstein and Kunzeman, JJ., concur.