■ YESENIA SASTOQUE, an Infant, by Her Father and Natural Guardian, JAVIER SASTOQUE, Respondent, v MAIMONIDES MEDICAL CENTER et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Scholnick, J.), dated January 26, 1989, as awards the plaintiff the sum of $675,000 for past pain, suffering and loss of enjoyment of life and $2,000,000 for future pain, suffering and loss of enjoyment of life.

Ordered that the judgment is reversed insofar as appealed

from, on the facts and as an exercise of discretion, with costs, the plaintiff's claims for damages for past pain, suffering and loss of enjoyment of life and future pain, suffering and loss of enjoyment of life are severed, and a new trial is granted on the issue of damages with respect thereto unless within 20 days after service upon the plaintiff's father and natural guardian Javier Sastoque of a copy of this decision and order, with notice of entry, the plaintiff's father and natural guardian Javier Sastoque shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain, suffering and loss of enjoyment of life to the principal sum of $375,000 and to reduce the verdict as to damages for future pain, suffering and loss of enjoyment of life to the principal sum of $1,375,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff's father so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The record reveals that the infant plaintiff suffers from permanent brain damage resulting from a deprivation of adequate oxygen to her brain prior to and immediately following her birth on May 26, 1976. At the conclusion of the trial, the jury rendered a verdict in favor of the infant plaintiff in the principal amounts of $300,000 for loss of future earning capacity, $250,000 for future therapies, $75,000 for custodial care at home until age 21, $900,000 for residential care for the rest of her life, $675,000 for past pain, suffering and loss of enjoyment of life, and $2,000,000 for future pain, suffering and loss of enjoyment of life. The defendants appeal only from so much of the ensuing judgment as awarded the foregoing amounts for past and future pain, suffering and loss of enjoyment of life, on the ground that the amounts awarded are excessive.

Initially, we note that the infant plaintiff has suffered a substantial and permanent loss, as she is developmentally retarded with an intelligence quotient of between 50 and 65, she is prone to seizures and hyperactivity, her cognitive and language abilities and her gross and fine motor functions have been damaged by her neurological impairment, and her maximum mental capacity and academic skills will be equivalent to those of a 10 year old. Additionally, she will require lifetime supervision at her home or in a professionally controlled environment and will never be competitively or commercially employed. However, notwithstanding the foregoing, we find that the awards of $675,000 for past pain, suffering

and loss of enjoyment of life and $2,000,000 for future pain, suffering and loss of enjoyment of life are excessive *(see, Knight v Long Is. Coll. Hosp.,* 106 AD2d 371). Indeed, in a case very similar to the one before us, we recently upheld a reduction in total damages for pain and suffering from $2,500,-000 to $1,500,000 *(see, Kavanaugh v Nussbaum,* 129 AD2d 559, *mod on other grounds* 71 NY2d 535). We conclude in this case that reductions in the awards for past pain, suffering and loss of enjoyment of life from $675,000 to $375,000 and for future pain, suffering and loss of enjoyment of life from $2,000,000 to $1,375,000 are warranted. The combined sum of these reduced awards, in the amount of $1,750,000, is amply supported by the record. Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.