■ Nicole Luneburg, an Infant, by Her Parent and Natural Guardian, Richard Luneburg, et al., Respondents, v Barry Wenig et al., Appellants. [681 NYS2d 597] —In an action to recover damages for medical malpractice, the defendants appeal from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered April 1, 1998, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $2,000,000, representing $900,000 for past pain and suffering and $1,100,000 for future pain and suffering.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiff's parents, Richard Luneburg and Catherine Luneburg, of a copy of this decision and order with notice of entry, the plaintiff's parents shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for (1) past pain and suffering from the sum of $900,000 to the sum of $500,000, and (2) future pain and suffering from the sum of $1,100,000 to the sum of $900,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff's parents so stipulate, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment accordingly.

Contrary to the defendants' contention, the plaintiff adduced sufficient evidence from which the jury could rationally find that the defendants departed from good and accepted standards of medical practice by penetrating the infant plaintiff's larynx during an operation to remove a thyroglossal duct cyst from her throat, by failing to prescribe antibiotics after the

operation despite the increased risk of infection due to the entry into the larynx, and by failing to keep the infant plaintiff in the hospital for more than two days after the operation (*see, Nicastro v Park,* 113 AD2d 129, 132).

The trial court should not have granted the plaintiff's request for a missing witness charge with regard to the speech therapist who treated the plaintiff, since there was no serious dispute in the case about the extent of the plaintiff's injury (*see, Arpino v Jovin C. Lombardo, P. C.,* 215 AD2d 614, 615-616; *Weinstein v Daman,* 132 AD2d 547, 549). This error, however, did not deny the defendants a fair trial, and does not warrant reversal (*see, Coningsby v Marabell,* 214 AD2d 949).

The award of damages deviates materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]).

The defendants' remaining contention is without merit. Rosenblatt, J. P., Copertino, McGinity and Luciano, JJ., concur.