■ FRANCISCO A. MARTINEZ et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [709 NYS2d 200] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Huttner, J.), entered February 19, 1999, as, upon a jury verdict finding that the infant plaintiff Francisco Martinez had sustained damages in the sum of $5,000,000 for past pain and suffering, $5,000,000 for future pain and suffering, $500,000 for future medical expenses, $268,667 for future special education, $102,554 for future speech therapy, and $1,000,000 for future loss of earnings, and that the plaintiff Francisco A. Martinez had sustained damages in the sum of $600,000 for past pain and suffering, and upon an order of the same court dated January 19, 1999, *sua sponte* reducing the verdict as to damages awarded to the infant plaintiff Francisco Martinez for future pain and suffering from $5,000,000 to $3,000,000, is in favor of the infant plaintiff Francisco Martinez and against it in the principal sum of $9,871,221, and in favor of the plaintiff Francisco A. Martinez and against it in the principal sum of $600,000.

Ordered that the judgment is reversed insofar as appealed from as to the infant plaintiff Francisco Martinez, on the facts and as an exercise of discretion, with costs, the demand for damages for future special education of the infant plaintiff Francisco Martinez is stricken, and a new trial is granted on the issue of damages awarded to the infant plaintiff Francisco Martinez for past and future pain and suffering, future medical expenses, future speech therapy, and future loss of earnings only unless within 30 days after service upon the plaintiff Rosa Martinez of a copy of this decision and order, with notice of entry, the plaintiff Rosa Martinez, as mother and guardian of the infant plaintiff Francisco Martinez, shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages awarded to the infant plaintiff Francisco Martinez (1) for past pain and suffering from the sum of $5,000,000 to the sum of $2,100,000, (2) for future pain and suffering from the sum of $3,000,000 to the sum of $400,000, (3) for future medical expenses from the sum of $500,000 to the sum of $125,000, (4) for future speech therapy from the sum of $102,554 to the

sum of $35,000, and (5) for future loss of earnings from the sum of $1,000,000 to the sum of $300,000, and to the entry of an amended judgment in his favor; in the event that the plaintiff Rosa Martinez, as mother and guardian of the infant plaintiff Francisco Martinez so stipulates, then the judgment in favor of the infant plaintiff Francisco Martinez, as so reduced and amended, is affirmed insofar as appealed from as to that plaintiff, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as appealed from as to the plaintiff Francisco A. Martinez, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages awarded to the plaintiff Francisco A. Martinez for past pain and suffering unless within 30 days after the service upon him of a copy of this decision and order, with notice of entry, the plaintiff Francisco A. Martinez shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $600,000 to the sum of $350,000, and to the entry of an amended judgment in his favor; in the event that the plaintiff Francisco A. Martinez so stipulates, then the judgment in his favor, as so reduced and amended, is affirmed insofar as appealed from as to that plaintiff, without costs or disbursements.

On November 9, 1991, the doors of a subway train closed on a stroller holding the infant plaintiff, trapping the stroller and the infant plaintiff in the door of the train and dragging both for a distance. The infant plaintiff's father, the plaintiff Francisco A. Martinez (hereinafter the father), struggled to pull the stroller out of the train but fell on the elevated platform, losing his grip on the stroller. When the father was able to stand up, he first observed his son lying on the wooden crossbeams holding up the tracks, and then observed him fall to the ground below. The infant plaintiff survived the fall and was taken to Kings County Hospital by ambulance.

The award of damages to the infant plaintiff for past and future pain and suffering, future medical expenses, future speech therapy, and future loss of earnings, and the award of damages to the father for past pain and suffering, deviate materially from what would be reasonable compensation under the circumstances of this case to the extent indicated (*see,* CPLR 5501 [c]; *Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478; *Dufur v Lavin,* 101 AD2d 319, *affd* 65 NY2d 830; *Senko v Fonda,* 53 AD2d 638; *see generally, Luneburg v Wenig,* 256 AD2d 389; *Lauter v Village of Great Neck,* 231 AD2d 553; *Stiuso*

*v City of New York,* 228 AD2d 663; *Reid v County of Nassau,* 215 AD2d 466; *Sastoque v Maimonides Med. Ctr.,* 161 AD2d 754; *Reinhart v Long Is. Light. Co.,* 100 AD2d 755; *Schlimmeyer v Yurkiw,* 50 AD2d 616; *Toscarelli v Purdy,* 217 AD2d 815).

The demand for damages for the infant plaintiff's future special education is stricken since his need for such education is not supported by the record. Ritter, J. P., Thompson, S. Miller and Florio, JJ., concur.